| 4   | 353 |
| 103 | 318 |

## CLARK v: STRINGFELLOW.

1. The act which requires a Justice of the Peace in a suit of forcible entry to note on his docket the reasons for the admission or rejection of evidence, is directory merely, and the omission will not prejudice either party.

2. The defendant in a forcible entry suit, cannot give in evidence a sheriff's deed to show a determination of the plaintiff's title. The question to be tried is with respect to the actual possession, and no controversy can be raised as to the merits of the title.

3. Where a tenant of the plaintiff voluntarily surrenders possession to the defendant upon a claim of title, this entry is by collusion with or under the tenant, and therefore the entry is within the act.

4. Although the landlord may be permitted by a Justice to defend the possession of his tenant when sued for a forcible entry, yet the judgment is properly entered against the tenant in possession.

ACTION for an unlawful detainer of a certain piece of land situate in the city of Wetumpka.

The suit was commenced before a Justice of the Peace by Clark against Stringfellow, and after judgment in favor of Clark, was removed into the Circuit Court by certiorari, where the judgment was affirmed.

The regularity of the proceedings previous to the trial of the case is not questioned here, but the points relied on to reverse the judgment of the Justice arise out of the proceedings had at the trial. These were as follows:

The parties appeared by attorney, and it being shown that Clark was a non-resident, Josiah Camp acknowledged himself security for costs. The defendant then moved the Justice that Wm. N. Thompson should be made a co-defendant; and he was so made against the objection of the plaintiff. The defendant then pleaded not guilty, but the transcript does not show whether this defendant was Thompson or Stringfellow. The jury were then sworn, and one Edward Camp, a witness for the plaintiff testified that Clark was in possession of the premises in 1838, and made the improvements thereon; that Clark rented the premises to various persons, down to the year 1840; that he, as the agent of Clark, rented the premises to one

45

Saunders, in November, 1840, for one year, and Saunders rented the same to William N. Thompson, who rented them to Stringfellow, in October, 1841.

The plaintiff proposed proving notice and demand of the premises by this witness, as his agent, and the question being put, whether the witness was the authorized agent of Clark, to act in the matter, the defendant objected, but the witness was permitted to answer, and he then testified that he was the duly authorized agent of Clark, and as such agent he served a notice on Stringfellow with a demand for the possession, on the 10th December, 1841.

. R. Saunders was then called as a witness for the defendant, and testified that he rented the premises from Camp as previously stated; that some time in the summer he removed to Harrowgate, and gave possession of the premises to Edwards, as the agent of Thompson; that Thompson gave him notice that he had purchased the premises at sheriff's sale, when it was sold as Clark's property. The plaintiff opposed and objected to the introduction of this evidence.

S. F. Edwards, also a witness for the defendant, testified that he, as agent of Thompson, received possession of the premises from Saunders, in the summer of 1841, and about that time notified Saunders that his principal had purchased the property at sheriff's sale; and also that about the middle of October, he rented the premises to Stringfellow, whom he placed in possession—the witness acting as the agent of Thompson.

The defendant then offered to read to the jury a deed executed by the sheriff of Autauga county to him, for the premises in question, as well as the record of the judgment and exetion under which they were sold as Clark's property. This was stated to be offered for the purpose of showing that the reversionary interest in the property had passed from Clark to Thompson. This deed and record was rejected at the instance of the plaintiff.

The verdict of the jury was that the defendant was guilty, and thereupon the Justice rendered his judgment, convicting Stringfellow of an unlawful detainer of the messuage and its appurtenances, and gave judgment of restitution of it to Clark, as well as for costs.

The assignment of error in the Circuit Court was upon the whole record.

ELMORE, for the plaintiff in error, made the following points:

1. That Camp was permitted to testify, and the record rejected without the reasons of the Justice being entered on his record. [Dig. 205, §16.]

2. The rejection of the records, because they showed the determination of Clark's estate, and were offered for that purpose only.

3. The judgment of the Justice should have been against Stringfellow and Thompson, and not against Stringfellow alone.

GEO. GOLDTHWAITE, contra.

GOLDTHWAITE, J.—1: The sixteenth section of the act under the title of forcible entry and detainer, requires the Justice of the Peace to enter upon his minutes or docket true copies of the complaint, summons, *venire,* their respective returns, the names of the jurors, their verdict, and the judgment thereon: also the names of the witnesses, the admission of evidence objected to, the rejection of evidence offered, the reason for such admission or rejection, and all other proceedings touching the complaint. [Dig. 205, §16.]

The object of these requirements is to secure a correct and faithful record of all the proceedings had before the Justice, but it never could have been intended that the omission to comply with them should affect either party injuriously. It is not probable that the reasons of the Justice would influence the decision of an appellate Court, and whether good or bad would neither warrant the admission of illegal, or the rejection of legal evidence. Hence we concludge that no advantage can be had in this Court of the omission by the Justice to state his reasons for the admission of the witness, or for his rejection of the records.

2. The rejection of the sheriff's deed and the transcript of the record, showing its regularity, was proper, because this evidence would necessarily involve an examination of the merits

of Thompson's title, under which he claims to be in possession. This was not the question before the jury, but they were called on to inquire whether Stringfellow was in possession *under, or by collusion with, the tenant of Clark.*

It is said this evidence was offered only to show a determination of Clark's estate, but the most superficial examination will show that this could not be ascertained without inquiring whether this determination was produced by the existence of a legal title in another. The statute of forcible entry was intended to protect possession ; and the purchaser of the title at a sheriff's sale has no more right to enter without the consent of him who is in possession, than any other person with a lawful title.

In the present case, it appears that the tenant in possession voluntarily gave it up to the purchaser under the sheriff's sale, but this did not invest the latter with a lawful right to hold against the landlord. The 5th section of the act expressly provides for such a case, for here the defendant was *in, under, or by collusion with the tenant,* and is therefore subject to be removed by this process.

3. We do not think there is any error in not rendering a judgment against Thompson. He was permitted by the Justice to defend the case, in consequence of his connection with the defendant on the record; but there is nothing in the statute which requires or authorizes the Justice of the Peace in admitting the landlord as an actual party defendant in such a case.

It was therefore proper to render the judgment against Stringfellow, without connecting his landlord with him.

We are unable to perceive any error affecting the merits, and the judgment is affirmed.