LOREN MARSH *vs.* EBENEZER BUTTERWORTH.

Where a tenant is dispossessed of the demised premises, by the actual entry of one having a paramount title, such entry is equivalent to an eviction by legal process, and will excuse the tenant from paying rent to the landlord. The tenant is not bound to retain possession until actually expelled by legal process; but may quietly yield possession, incurring the risk of being able to show that the entry was under a paramount title.

Case reserved from Branch Circuit.

This was an action of covenant on a lease of real estate, coming to this Court on questions reserved at the Circuit. The case showed that the plaintiff, on the 14th day of June, 1850, leased certain premises to the defendant for the term of four years, and that the defendant, in consideration thereof, covenanted to make certain repairs and improvements on the premises. In case of non-performance, a right of re-entry was reserved to the plaintiff, and in such case the defendant covenanted to pay the value of the use of the premises. It appeared also, that the plaintiff had not, and never pretended to have any title to the premises leased; on the contrary, that they belonged to the estate of James B. Steward, deceased. The plaintiff did not pretend to lease the premises as Administrator; nor did he seek to recover as such, in this action; but he offered evidence on the trial to show, that as Administrator, under license from the Court of Probate, he sold the intestate's real estate to Henry C. Gilbert, with a parol agreement of Gilbert to deed to him, and that this fraudulent understanding with Gilbert was the only pretence of a beneficial interest of the plaintiff in the premises. The defendant showed that under proceedings in the Probate Court, the premises leased were sold in 1845, for payment of the debts of the

said James B. Steward, deceased ; that in the spring of 1853 a deed was delivered by the Administrator, in pursuance of the sale to Gilbert, dated at the time of the sale in 1845, and that one Pierson, claiming under Gilbert, entered upon the greater part, and all the most valuable part of the premises, and has ever since occupied and enjoyed them under the paramount title.

—————, for plaintiff, insisted that the entry of Pierson into and upon the premises, was not an eviction, and that the defendant could not question the plaintiff's title, or show that he had conveyed to Gilbert. (1 *Greenl. Ev.*, § 33; 1 *Doug. Mich. R.*, 179; 2 *Pet.*, 43.)

*J. W. Gilbert*, for defendant.

An eviction from the whole or any part of the demised premises, is a good defence to an action on the lease for rent. (*Taylor's Land. & Ten.*, 36, 306; 5 *Mass.*, 268 *and* 270; 15 *Pick.*, 147; 19 *Ib.*, 476; 8 *Cow.*. 727.)

The entry of Pierson was an eviction. (15 *Pick.*, 147; 19 *Ib.*, 476; *Rawle on Cov. of Title*, 210 *to* 258; 5 *Hill*, 599; 4 *Ib.*, 643; 8 *Cow.*, 727.)

By the Court, Copeland, J.

The only question reserved necessary to be considered in deciding this case is, whether the defendant, having entered under the plaintiff, and held under him under this lease, is excused from paying rent to him by an eviction. That the entry and actual taking possession by Pierson under title conceded to be paramount, was equivalent to a complete ouster or eviction, there can be no doubt. The lessee was not bound to retain possession till actually expelled by legal process, nor subject himself to the trouble and expense of a

lawsuit. But by quietly yielding possession, or by making no resistance to the entry of Pierson, he took upon himself the burden of showing that such entry was under and by virtue of a paramount title. (*Dyett* vs. *Pendleton*, 8 *Cow.*, 727; *St. John et al.* vs. *Palmer*, 5 *Hill*, 599; *Smith* vs. *Sheppard*, 15 *Pick.*, 147; *Stone* vs. *Patterson*, *Ib.*, 476; *Greenvault* vs. *Davis*, 4 *Hill*, 643.)

It is also well settled, that an eviction from the whole or any part of the premises leased, so as to interfere with the beneficial enjoyment of the premises, will exuse the payment of rent. (*Taylor's Land. & Ten.*, 36; *Dyett* vs. *Pendleton*, *supra*; *Fitchburg Cotton Manu., Co.* vs. *Melvin*, 15 *Mass.*, 268 to 270, *note*.)

Rent is a sum stipulated to be paid for the actual use and enjoyment of another's land, and is supposed to come out of the profits of the estate. The actual enjoyment of the land is the consideration for the rent which is to be paid; and therefore, if the lessee is evicted before the rent becomes due, in whole or in part, it is a good answer to a claim for rent, by an action of debt, or contract, or distress. (1 *Saund.*, 204, *note*.) From this it seems clear, that although there be a lease which may result in a claim for rent, which will constitute a debt, yet no debt occurs until such enjoyment has been had : "because," says Lord Coke, "in discussing the effect of a release, a debt is merely a thing in action;" and therefore, if a man be bound to the payment of a debt at a future time, a release of all actions by the obligee is a perpetual bar; for "albeit no action lyeth for the debt, because it is *debitum in presenti quamvis sit solvendum in futuro*, yet because the right of action is in time, the release of all actions is a discharge of the debt itself." (*Co. Lit.*, 292, *b*; *Boardman* vs. *Osborn*, 23 *Pick.*, 295; *Menough's Appeal*, 5 *Watts & Serg.*, 432.) The term "*rent*," from *renditus, embraces*, in itself its true meaning, i. e., a return for the thing enjoyed; and, if there is in this lease no specific

73

time for the payment of rent, it is not due until the end of the stipulated term of enjoyment.

In other words, the full enjoyment for the full term, is a condition precedent to the payment of rent. By the terms of this lease, the lessee was to commence the repairs the spring after the date of the lease, and do the same in a reasonable time. But in case the lessee should neglect and refuse to make such repairs for one year thereafter, then the lessor reserved the right to re-enter, and in that case the lessee, the defendant, should become liable for the full value of the use of the premises. There was no such re-entry by the plaintiff, nor any evidence that the defendant had refused to make the repairs and improvements. On the contrary, it appears that the defendant, at the request of the plaintiff, did expend in grubbing, building and repairing fences, a sum equal to the entire profits derived by him from the entire premises, during the time he was actually in possession. And but for this eviction, the defendant might, for aught that appears, have made all the repairs he was required to make under the lease; and which it would undoubtedly have been competent for him to have done at any time during the term, in the absence of a re-entry by the plaintiff. Certainly no right of action had accrued to the plaintiff at the time of the eviction, and upon the principles of law we have considered, none could accrue subsequently. Let it therefore be certified to the Circuit Court for the County of Branch, as the opinion of this Court, that the plaintiff is not entitled to recover, but that the defendant should have judgement for his costs in that Court.

Present, COPELAND, JOHNSON, DOUGLASS, and MARTIN, J. J.