[Borland et al. v. Box et al.]


# Borland *et al. v.* Box *et al.*

### *Action on Promissory Note.*

Defendants rented lands from plaintiffs for a year, entered into possession and remained undisturbed, executing to the plaintiffs, individually, a note, stating that it was given for rent of certain described lands.   *Held :*

Under plea denying plaintiffs ownership of the note, the defendants might show by parol that the plaintiffs had been school trustees of a fractional township in which the lands, which were the sixteenth section school lands, were situated, and that before the renting, but unknown to the parties, who contracted under the common mistake that the plaintiffs were still school trustees, the legislature had incorporated the lands into another township, the trustees of which claimed the debt ; that these facts defeated the plaintiff's right of action, and that defendant and plaintiff both acknowledging the township as landlord, defendants in setting up the defense, were not denying or disputing the title of the landlord. (BRICKELL, C. J., dissenting.)

APPEAL from Geneva Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

This action was brought by the appellants, T. M. Borland and L. McLung, against the appellees, S. A. Box and J. A. Garrard, and is founded on a promissory note, of which the following is a copy:

"364.72.   On the first day of October next we promise to pay L. McLung and T. M. Borland the sum of three hundred and sixty-four dollars and seventy-two cents, for the rent of land in section 16, township 7, range 12, Florida survey, and the produce raised on said land to be bound for the rent.

J. A. GARRARD,<br>U. A. Box,<br>S. A. Box.

January 3, 1876.

The defendants filed sworn pleas denying that the ownership of the note was in the plaintiffs, and averring that the note was given for the rent of lands belonging to the public schools.   On the trial of the case, the plaintiffs introduced L. McLung as a witness, who testified that the plaintiffs had rented certain lands, for the year 1876, to the defendants, who had accepted said lease and gone into possession of said lands under the contract of renting, and had remained in peaceable possession of the said lands for the entire period for which plaintiffs rented said lands to them, and that the note sued on was given to the plaintiffs by the de-

fendants for the rent of said lands for the year 1876, and that the plaintiffs had been in possession of said note ever since its execution, and had never transferred the same or any interest therein.

The defendants, on cross-examination, then asked the witness "if the lands rented by plaintiffs to defendant belonged to township 7, as school land, at the time they rented the same to defendants, and if said lands belonged to said township now?"

The plaintiffs objected to this question. 1st. Because defendants were estopped from denying plaintiffs' title to said land. 2d. Because said question was illegal. 3d. Because the question is immaterial in this, that defendants can not dispute plaintiffs' title to said lands.

The court overruled these objections, and required the witness to answer said question, and plaintiffs excepted. The witness then stated in answer to said question, that said lands rented by the plaintiffs to defendants for the year 1876, belonged to the school lands in section 16, township 7, range 12, at the time of the renting and up to the present time. The plaintiffs then moved to exclude this answer of the witness. 1st. Because the defendants could not dispute plaintiffs' title to said lands. 2d. Because defendants, having accepted a lease from plaintiffs to said lands, and enjoyed peaceable possession of said land for the stipulated period, were estopped from denying plaintiffs' title to said lands. The court overruled the plaintiffs' motion and they excepted. The defendants then asked said witness, "if at the time plaintiffs rented defendants said lands, the plaintiffs were acting as school trustees of township 7, range 12, of this State. This question was objected to on the grounds, 1st. Because it is illegal. 2d. Because it is irrelevant. 3. Because the defendants having accepted the lease from plaintiffs of said land in their individual capacity, they were estopped from showing that said lands belonged to township 7, range 12, in this State.

The court overruled these objections and required the witness to answer the question, and plaintiffs excepted.

The witness then testified that, at the time plaintiffs rented the defendants said lands, the plaintiffs were acting as school trustees for township 7, range 12. Defendants then asked said witness, "if they took said note from defendants for the rent of the school lands in section 16, township 7, range 12, as trustees of said township 7, range 12, in this State."

Plaintiffs objected to said question, 1st. Because the defendants had contracted with the plaintiffs in their individual capacity and not as trustees, and they were estopped from

denying the title belonged to plaintiffs. 2d. Because the note showed on its face that said lands were rented from plaintiffs as their individual property and not as trustees of township 7, range 12. 3. Because the defendants can not show by oral testimony that said note was taken by the plaintiffs as trustees of township 7, range 12, because it would vary the written contract offered in evidence by the plaintiffs. The court overruled these objections and required the witness to answer these questions, and plaintiffs excepted.

The witness then testified that the plaintiffs took said note from the defendants for the rent of the school lands in section 16, township 7, range 12, as trustees of said township, and that the plaintiffs had held possession of said note from the time of its execution. This witness further testified that he (witness) was one of the plaintiffs and claimed an interest in said notes for building a public school house in township 7, range 12, and that it was agreed between witness and the superintendent of education for Geneva county, that witness was to be paid out of the rent of said lands for building said school house; that his co-plaintiff, Borland, claimed some interest in the note for services rendered said township, but that witness did not know whether the claim of Borland was a valid one or not. This witness further testified, that neither he nor said Borland were trustees of township 1, range 26, of Geneva county, and was not at the time of the renting of the land for which said note was given, nor at the beginning of this suit; and further, that S. A. Box, Michael Cooley and Daniel Cooper are and were such trustees at the time of said renting, and at the beginning of this suit. The plaintiffs objected to this evidence, on the same grounds heretofore stated. The court overruled the objections, and plaintiffs excepted.

The defendants then offered in evidence an act of the General Assembly of Alabama, approved January 27, 1875, by which it was enacted that fractional township 7, range 12, according to the Florida survey, lying in the county of Geneva, be and the same is hereby annexed and made part of township 1, range 26, according to the Alabama survey, in the county of Geneva, and that in all matters pertaining to schools in said county, after the passage of this act, said townships shall be held to constitute but one township. The plaintiffs objected to the introduction of this act, on the grounds stated above. The court overruled these objections, admitted the act, and the plaintiffs excepted.

This was all the evidence, and the plaintiff asked the court, in writing, to instruct the jury as follows: 1st. "That if the jury believe from the evidence that the plaintiffs rented

[Borland et al. v. Box et al.]

said lands to the defendants for the year 1876, and that the defendants held the possession of the rented premises and remained in possession during said year 1876, without being disturbed or hindered in their possession during said year, and that the note sued on was given to the plaintiffs for the rent of said lands during said year, and that the plaintiffs have not parted with any interest they had in said note since its execution, then the plaintiffs are entitled to recover in the action." The court refused to give this charge, and the plaintiffs excepted. 2d. "That if the jury believe from the evidence that the plaintiffs rented to the defendants the lands during the year 1876, and the defendants went into possession of said lands under said contract of renting, and remained in the possession of said lands during the time stipulated between the parties, without being disturbed or hindered in their possession of said lands during said time, and that said note was given for the rent of said lands to plaintiffs, and plaintiffs have parted with no interest they had in said note at the time of its execution, and that their interest remains the same now that it was when said note was executed, that the defendants are estopped from denying that the plaintiffs are the beneficiaries of said note." The court refused to give said charge, and the plaintiffs excepted.

In consequence of the rulings of the court, the plaintiffs took a non-suit, with bill of exceptions, &c. The various rulings to which exceptions were reserved are now assigned as error.

W. D. ROBERTS, for appellants.—It was not competent for the defendants, after being in quiet possession for the full term of their lease, to avoid their own contract by showing a defective title in the plaintiffs. The defendants were estopped from denying the plaintiffs' title.—*Hardin Perkins v. The Governor*, Minor, 351.

The defendants having occupied the lands under their contract of renting for the full period stipulated for, without disturbance, can not dispute the plaintiffs' title without showing eviction or disturbance.—*Hanks v. Harrison & Patterson*, 4 Port. 509; *Terry v. Ferguson, Adm'r.*, 8 Port. 500; *Pope v. Harkins et al.*, 16 Ala. 321; *Griffith v. Parmley*, 38 Ala. 393.

CARMICHAEL & MAULDIN, A. V. LEE, G. T. YELVERTON and B. F. CASSADY, *contra.*—While the general rule is, that a tenant can not deny the title of his landlord, this principle has no application to the case at bar. The relation of landlord and tenant did not exist between the parties. The

appellants did not claim to own the land rented, and in the renting of it they acted as the trustees of township 7, range 12. By act of the legislature, passed before the making of the note sued on, that township, as a school district, had ceased to exist, and was merged into township 1, range 26. The power of the appellants, as school trustees, had ceased when the consolidation took place, and in renting the land and taking the note they acted without authority of law, and the contract can not be enforced in the courts.—*Milton v. Hayden,* 32 Ala. 30. The contract upon which the suit is founded is offensive to the act of the General Assembly consolidating fractional township 7, range 12, and township 1, range 26, and therefore their suit can not be maintained.— *McGehee v. Lindsay,* 6 Ala. 16. The pleading put in issue the ownership of the note, as well as the beneficial interest of appellants. The land at the time of the renting and the making of the note sued on, was the property of township 1, range 26, and the rent belonged to it. That township was a corporation capable of suing and being sued, and the rent of the lands was its property. The law expressly declares that such notes must be made payable to the township, and the taking of the note in their own name was a fraud on the township. The township were the owners, the plaintiffs only its self-constituted agents, and there is no principle of law which prohibits the tenant from setting up the facts.—See *English v. Key,* 39 Ala. 113.

MANNING, J.—This suit was brought upon a note given to plaintiffs for the rent of land. The objections to evidence admitted and charges refused, in the court below, and the only errors assigned, are founded on the rule that a tenant shall not be permitted to dispute the title of his landlord, especially when he has had undisturbed enjoyment and use of the premises leased, during the term for which they were let to him. This is a well established and very important and salutary general rule. The reason on which it rests is, that legal policy in support of the interests of society, requires that the situation of a landlord and the rights he claims in respect of property which he is in possession of and lets to another as his tenant, shall not be impaired by the act of a person who, by recognizing them, obtained a position of advantage in relation to the property. He is held to have tacitly engaged not to avail himself of that position, to do anything in derogation of the rights so recognized. Is the rule violated by anything done in the case now in hand?

The lands leased, in this instance, and for the rent of which

during the year 1876, the note sued on was given, were sixteenth section school lands, in what was township 7, range 12, according to the Florida survey made under the authority of the United States ; a part of which township was found to be across the line between Florida and Alabama, and therefore a fractional township in this State ; and this part having been organized as a township in Alabama, appellants were, in 1874, elected school trustees thereof. In 1875 this fraction was, by an act of the legislature, abolished as a separate corporation, and annexed to and made a part of an adjoining township. Doubtless, without being aware of this, appellants as trustees of said township, acting in their public capacity as such, in January, 1876, leased the land to appellees, defendants below, for that year, not giving to them (it seems) any written lease, and taking from them their note for the rent, payable to themselves.

It was as such school lands and by appellants as township trustees, that the lease was confessedly made. This was understood, and on all hands admitted. The township was in fact the acknowledged landlord, and the rent to be paid was to go to the township for the support of its public schools. The mistake of taking the note payable to plaintiffs, instead of, as the law required, to the township, did not change the nature of the transaction, or the rights of the parties to it, as then understood by everybody. And in eliciting evidence of these facts by a cross-examination of the plaintiffs themselves, defendants were not trying to prove or do anything in derogation of the rights of their landlord, or of any rights asserted by the plaintiffs or recognized by the defendants when the lease was made.

The issue joined, and to which no objection is offered, is made up under section 2890 (2523) of the Code of 1876, which requires the suit on such a note to be brought in the name of the party really interested, whether he have the legal title or not ; and the evidence objected to tended to establish that this suit was not so brought. No other question was raised by the pleadings. But the evidence shows that plaintiffs were seeking to recover the amount of the note to apply it to the payment of money which they claimed that the fractional township owed them—while one of the defendants, who denied their right to recover, is a trustee of the township as constituted by the act of 1875, and insists that the money is due to it. That the fractional township 7 is united to and a part of township 26, range 1, of the Alabama survey, is not disputed ; and the rents of this school land, therefore, belong to the township. In showing this, defendants are not turning against their landlord or controverting

any thing which, as tenants, they were bound to concede.
There is no inconsistency between their present position and
that they assumed when they became tenants of the town-
ship. The rent money sued for is due to the township with
which the fractional one is identified; and it is only through
it that the latter can obtain the benefit of that rent. And
since the plaintiffs are not the administrators of these school
funds, and the law has provided that the trustees entitled
to receive the money shall, before doing so, give bond as
public officers for the faithful application of it, the circuit
judge did not err in admitting the evidence objected to or in
refusing the charges requested.

Let the judgment of the Circuit Court be affirmed.

BRICKELL, C. J., dissenting.