# Houston *v.* Farris & McCurdy.

## *Unlawful Detainer.*

1. *Unlawful detainer; character of action.*—Unlawful detainer is a possessory action, in which the only question involved is the plaintiff's right of possession to the premises sued for; an inquiry into "the estate or merits of the title" is expressly inhibited by statute.

2. *Landlord and tenant; tenant not allowed to dispute landlord's title.* It is a well settled rule that a tenant is estopped from disputing his landlord's title, so long as he continues in possession of the demised premises; and hence, ordinarily, he must surrender the possession of the premises, before he can be heard to set up, or assert an outstanding title, adverse to that of his landlord.

3. *Unlawful detainer; when defendant can not set up title adverse to his landlord in defense.*—The plaintiff in an action of unlawful detainer, having derived title by purchase from a testator's sole devisee, the defendant, having entered under a lease from the plaintiff, can not, under the principles above stated, defeat a recovery by showing that he had been appointed administrator of the estate of the testator under whom the plaintiff derived title, and that the latter owed debts at the time of his death, some of which were still outstanding and unpaid.

4. *Exception to rule prohibiting tenant from denying landlord's title; what not within.*—These facts do not show that the landlord's title had expired, or that it had been extinguished; and hence, the case does not come within the established exception to the general principle forbidding a tenant from disputing his landlord's title, that the tenant may always show that his landlord's title has expired, or been extinguished since the creation of the tenancy.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action of unlawful detainer by Mary J. Houston against T. L. Farris and W. D. McCurdy, and was commenced on 18th February, 1881. There was a judgment for the defendants before the justice of the peace before whom the action was commenced, from which the plaintiff appealed to the Circuit Court of Lowndes county. Afterwards, by consent of parties, the venue was changed to the Circuit Court of Montgomery county, where the trial was had, resulting in a judgment for the defendants, from which the plaintiff appealed to this court. The facts are sufficiently stated in the opinion.

JOHN W. BUSH and BRAGG & THORINGTON, for appellant.

D. CLOPTON and R. M. WILLIAMSON, *contra.*

(No briefs came to the hands of the reporter.)

[Houston v. Farris & McCurdy.]

SOMERVILLE, J.—This is an action of *unlawful detainer*, commenced originally before a justice of the peace. The defendants, Farriss and McCurdy, had rented the land in controversy from the plaintiff for the year 1880. Plaintiff, who is the appellant in this court, had purchased the premises from Mrs. Simonton, the wife and *sole devisee* of one Robert Simonton, deceased, who seems to have died largely indebted. In November of the same year, the defendants procured *letters of administration* to be issued to themselves upon the estate of the deceased in Lowndes county, having become creditors of the estate by a purchase of certain claims. They now seek, in this action against them by their landlord for the possession of the premises, to set up as a defense their right to retain possession as administrators of Simonton's estate. The Circuit Court admitted the letters of administration in evidence, and held the defense to be good, giving the general charge to find for the defendants if the jury believed the evidence.

This charge, in our judgment, was erroneous. The action of unlawful detainer is a *possessory* one, in which the only question involved is the plaintiff's *right of possession* to the premises in dispute, and no controversy can be raised as to the merits of *the title.*—*Clark v. Stringfellow*, 4 Ala. 353; *Russell v. Desplous*, 29 Ala. 308. The statute itself expressly inhibits the bringing into inquiry any question as to "the estate or *merits of the title*" (Code, 1876, § 3704); and were it otherwise, any arrogation of an authority on the part of a justice's court to try the title of lands would be a clear violation of the constitution of the State.—Art. VI, § 26, Const. 1875. Hence, an *actual* possession, as distinguished from one that is constructive, or imputed by law, is always necessary in order to maintain such possessory actions.— *Womack v. Powers*, 50 Ala. 5; Trial of Titles (Sedgw. & Wait), § 94.

The attempt of the defendants to hold under the authority of their letters of administration was clearly the assertion by them of *a title*, claimed as superior to that of the plaintiff. It was invoking the statutory right of an administrator to take possession of the lands of the decedent for the purposes of administration, for which, as often held, he could even bring ejectment without reference to the solvency or insolvency of the estate.—*McRae's Adm'r v. McDonald*, 57 Ala. 423; *Russell v. Erwin's Adm'r*, 41 Ala. 292. *Title*, in this connection, may be defined to be "the means whereby the owner of lands hath the just possession of his property" (2 Bouv. L. Dict. 596); or "that which constitutes a just cause of exclusive possession," or "which is the foundation of ownership of property."—Webster's Dict. Such evidence could not support ejectment *unless it proved title*. It was accordingly held in *Du-*

[Houston v. Farris & McCurdy.]

*mas v. Hunter,* 25 Ala. 711, where the defendant had purchased the premises at sheriff's sale under execution against the plaintiff, and received possession through an under-tenant of plaintiff, even after the expiration of the original tenancy, that the sheriff's deed and proceedings of sale were inadmissible to show that the defendant's "possession was lawful," since it involved an inquiry into the merits of the title. For a like reason it has been held incompetent for the defendant to introduce a sheriff's deed to show the *determination* of the plaintiff's title (*Clark v. Stringfellow,* 4 Ala. 353); or to prove in any manner that the plaintiff's lease, under which he held at the time of defendant's forcible entry, had expired before the trial. *Townsend v. VanAspen,* 38 Ala. 572.

There is another principle upon which the ruling of the court below must be pronounced erroneous. It is based upon the well settled rule that the tenant is estopped from disputing the title of the landlord under whom he holds, so long as he continues the possession originally derived from him. "Hence, when sued for the possession of the demised premises by the landlord, or one succeeding to his rights, the tenant is precluded, as well after the termination of the lease as during its continuance, from calling the title of the plaintiff in question, or from setting up an outstanding title in a stranger, or third person." This principle we conceive to be quite universally settled.—*Bishop v. Lalouette,* 67 Ala. 197, 201; *Borland v. Box,* 62 Ala. 87; *Rogers v. Boynton,* 57 Ala. 501; Taylor's Land. & Ten. § 629.

This doctrine of estoppel rests upon sound considerations of public policy. The tenant obtains his possession upon an implied assurance that he will sacredly recognize the validity of the landlord's title, whatever may be its defects, as against strangers or third persons. As to the tenant, who is entrusted with possession on the faith of his fealty, the title must be taken as conclusively good, and not to be questioned. He can not be permitted to break that faith, which he has thus pledged, the continuance of which must be co-extensive with the period of his possession in the character of tenant. Herman on Estop., §§ 360, 361; Trial of Titles to Land (Sedgw. & Wait), §§ 351, 352; Taylor's Land. & Ten. § 629.

The rule, therefore, is, that before the tenant can be heard to set up or assert an outstanding title adverse to that of his landlord, he must ordinarily first surrender the possession of the premises and regain it afterwards, if he so desires, by action. "The landlord can only be required to litigate title with his tenant upon the vantage ground of possession."—Trial of Titles to Land (S. & W.), § 352; *Norwood v. Kirby's Adm'r,*

[Houston v. Farris & McCurdy.]

70 Ala. 337; *Russell v. Erwin*, 38 Ala. 44; Herman on Estop. § 360; *Hodges v. Shields*, 18 B. Mon. 827.

It is insisted, however, that while the *general principle* above stated is true, the present case falls within an established *exception* to it, viz.: That the tenant may always show that the title of the landlord has *expired*, or has been *extinguished* since the period of his tenancy commenced. We think there can be no controversy as to the established soundness of the exception contended for, familiar examples of it being in cases where the landlord's only title was an estate for the life of another, which has expired during the term of the lease (*Casey v. Gregory*, 13 Mon. (Ky.) 508; *Ryder v. Mansell*, 66 Me. 167); or where the tenant has during the term purchased in the landlord's reversionary title, under a valid execution, mortgage, or tax sale, or other like alienation of the plaintiff's title (*Randolph v. Carlton*, 8 Ala. 606; *Jackson v. Rowland*, 6 Wend. 666; Trial of Titles (S. & W.), § 358); or has been evicted by title paramount to that of the landlord in a suit by a stranger.—Taylor's Land. & Ten. § 654; *Marsh v. Butterworth*, 4 Mich. 575; Herman on Estop. § 360.

Such a defense can, of course, be good only in actions of ejectment, or trespass to try titles, where the merits of the plaintiff's title can be questioned. It is a manifest effort on the part of defendants to set up an after-acquired title in order to overthrow the title of the one under whom they obtained possession. It clearly does not come within the *exception* above stated, for there has been no change whatever in the *status* of the plaintiff's title except relatively. It has neither *expired*, nor has it been *extinguished*. It has only been overshadowed by a newly created, and recently acquired title. The new right or title, conferred by defendants' letters of administration, was acquired during their tenancy, and was hostile to that of the plaintiff, who should have the option of contesting a right of recovery predicated upon it.—*Owens v. Childs*, 58 Ala. 113. The change in the *status* of defendants does not change the principle. Their legal metamorphosis from mere *tenants* to *administrators* was their own act, and renders none the less necessary the surrender of their possession to the plaintiff before they can in good faith raise the question as to the superiority of their newly acquired title. The policy of the law, among other reasons, is to discourage tenants from speculating in adverse titles hostile to, or in derogation of the title of their landlords.

The judgment is reversed and the cause remanded.