# Pugh v. Davis.

*Action of Unlawful Detainer.*

1. *Unlawful detainer; attornment to one as owner no defense.*—In an action by a landlord against his tenant for unlawful detainer, a plea which sets up an attornment by the tenant to the purchaser at a fore-closure sale of the rented premises, under a mortgage executed by the landlord prior to the execution of the lease, sets up no defense to the action, and is demurrable; since in such an action no question of title to the rented premises could be inquired into, and so long as the tenant continued in possession of the demised premises he could not dispute his landlord's title.

APPEAL from the Circuit Court of Autauga.
Tried before the Hon. N. D. DENSON.

This was an action of unlawful detainer, brought by the appellee, Julia A. Davis, against the appellant, Bill Pugh. The facts of the case are sufficiently stated in the opinion. The appeal is prosecuted from a judgment in favor of the plaintiff.

CALDWELL BRADSHAW and JAMES E. WEBB, for appellant.—A tenant can not dispute his landlord's title; but he may show that the landlord's title has expired, or that he, the tenant, has attorned to another holding a paramount title to his landlord. This exception to the general rule is well established.—2 Hermann on Estoppel, §§ 867, 868; Taylor's Landlord & Tenant, § 708; Bigelow on Estoppel, (4th Ed.), pp. 459, 460 and note 2; 12 Amer. & Eng. Encyc. of Law, 701; Sedgwick & Waits, §§ 351, 358; *Houston v. Farris*, 71 Ala. 570; *Norwood v. Kirby*, 70 Ala. 397; *Caldwell v. Smith*, 77 Ala. 157; *Littleton v. Clayton*, 77 Ala. 576; *Farris v. Houston*, 74 Ala. 162; *Campbell v. Davis*, 85 Ala. 56; *Nicrosi v. Phillipi*, 91 Ala. 299.

2. Unlawful detainer can not be maintained, where

[Pugh v. Davis.]

the tenant has lawfully attorned to the holder of a para-
mount title, or where the lessor's right of possession has
terminated or expired.—6 Lawson's Rights, R. & P.,
4704, § 2887; Gear on Landlord & Tenant, § 202; 2
Smith's Lead. Cas., 889, and note; *Wheelock v. Warsch-
auer*, 34 Cal. 265; *Steinback v. Krone*, 36 Cal. 303; *Foss
v. Van Driele*, 47 Mich. 201; *Elms v. Randall*, 4 Dana,
(Ky.) 519; *Elliott v. Ackla*, 9 Pa. St. 42.

SAYRE & PEARSON, contra, cited *Campbell v. Davis*, 85
Ala. 61; *Turnley v. Hanna*, 67 Ala. 105; *Espalla v.
Gottschalk*, 95 Ala. 257.

HARALSON, J.—This was an action of unlawful de-
tainer commenced before a justice of the peace to recover
possession of lands, alleged to have been unlawfully
withheld by a tenant from his landlord, after the termi-
nation of his possessory interest. Judgment was ren-
dered against the defendant.

The cause was carried by appeal to the circuit court,
where the defendant set up in his plea, as an answer
and defense to plaintiff's action, the foreclosure of a
mortgage, which was executed by the plaintiff and her
husband, on the lands described in the complaint, be-
fore the date of the contract of renting between the
plaintiff and the defendant, and the purchase of the
premises by the mortgagee at the foreclosure sale, and
the defendant's recognition of the purchaser's ownership
of and right to the possession of the lands, and his
attornment to him, the purchaser.

The plaintiff demurred to this plea, on the ground,
that it raises the question of title to the lands, which
can not be enquired into in this action. The court sus-
tained the demurrer. On the trial of the cause, on a
plea of not guilty, judgment was rendered against the
defendant, and the appeal here is to review the ruling
of the court sustaining the demurrer to said plea.

There are two questions which have been so long and
repeatedly settled by this court, as to leave no room for
their further discussion: (1), that in an action of this
character, the merits of the title can not be enquired
into; and, (2), that the tenant, continuing in and with-
holding possession from the landlord, can not dispute his
possessory title, no matter who has a better one.—

[Hilliard v. Brown *et al.*]

*Nicrosi v. Phillipi*, 91 Ala. 299 ; *Houston v. Farris & Mc-Curdy*, 71 Ala. 570; *Norwood v. Kirby*, 70 Ala. 397 ; *Womack v. Powers*, 50 Ala. 5; *Dwine v. Brown*, 35 Ala. 597 ; *Dumas v. Hunter*, 25 Ala. 714 ; *Clark v. Stringfellow*, 4 Ala. 353.

What was attempted to be set up in this plea, was an invasion of both of these rules, and the demurrer was properly sustained.

The decision of this court in the *American F. L. M. Co. v. Turner*, 95 Ala. 272, does not infringe these rules. That case, so far as it has any bearing on this one, decides no more than that, as between the mortgage company and the defendant, under the facts stated in this plea, the latter would be the tenant of the former, and could not dispute his title ; but it does not touch the relations between this plaintiff, as the original lessor and this defendant as her tenant, holding possession under her, nor question anywise, the right of such a plaintiff as this, to oust a tenant such as this, in an action of this character.

Affirmed.