CITY OF HAMTRAMCK v. ROESINK.

LANDLORD AND TENANT—INTERDEPENDENT RIGHTS.

Under agreement whereby city leased from defendant land used for a recreational field in exchange for lease of land to defendant, after city's condemnation of land leased from defendant it had a right to declare forfeiture of the rights of defendant under the lease from it as the rights under the leases were interdependent and in the nature of a condition and not a bar to summary proceedings.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 7, 1938. (Docket No. 13, Calendar No. 39,132.) Decided October 5, 1938.

Summary proceedings by City of Hamtramck, a municipal corporation, against John Roesink to obtain possession of land. Judgment of circuit court commissioner for defendant. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*William Cohen,* for plaintiff.

*Henry A. Platt,* for defendant.

Wiest, C. J. Defendant appeals from a judgment of restitution of premises in a summary proceeding.

In 1930 defendant, for the purposes of a baseball, football and recreational stadium, leased premises from plaintiff and, as consideration, sublet other premises to plaintiff. The premises sublet to plaintiff were taken from defendant in a summary proceeding by his lessor and, as a consequence, plaintiff lost right to possession thereof and, inasmuch as such possession was the consideration, in the nature of rental, for plaintiff's lease and continuance thereof, plaintiff gave notice of forfeiture and commenced a summary proceeding to have restitution.

In the circuit court judgment of restitution was granted plaintiff.

Upon review defendant contends there was a mutual exchange of equal interests, with consideration fully executed and if plaintiff has any remedy it is in equity for rescission or damages in an action at law and, inasmuch as the lease agreement between the parties contained no provision of right of re-entry for breach, there exists no right of re-entry.

Plaintiff contends, and the circuit judge so held, that the plaintiff is legally entitled to have back the possession of its property.

Defendant, by his own act and consequent judgment against him, lost his leasehold right to the property he sublet to plaintiff in consideration of plaintiff leasing him other property.

In the written agreement between the parties it was stated:

"The parties hereto hereby covenant and agree that, on performing all the covenants and agreements herein contained, they shall and may peacefully and quietly have, hold and enjoy the said demised premises for the term aforesaid."

This stipulated condition related to the lease from the city and the sublease to the city and, when plaintiff was deprived of the premises sublet to it by defendant, it had a right to declare forfeiture of the rights of the defendant under the lease from plaintiff. Rights under the leases were interdependent and in the nature of a condition and cannot be held a covenant barring a summary proceeding.

Judgment affirmed, with costs to plaintiff.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.