COHN v. MARY LEE CANDIES, INC.

1. LANDLORD AND TENANT—FORECLOSURE SALE OF LESSOR'S INTEREST—TERMINATION OF LESSEE'S INTEREST.

Upon expiration of period of redemption from sale of interest of lessor, land contract purchaser, at foreclosure sale to party to whom it had been assigned as security for a loan, rights of lessee under lease and rights of party under agreements with lessee are terminated.

2. SAME—SUBLEASE—ASSIGNMENT—QUESTION FOR COURT.

Whether party who made written agreements with lessee of realty was sublessee or an assignee of the lessee *held*, a question of law for determination by court where conflicting terms appear in various instruments but testimony presents no material conflict that parties intended defendant to be plaintiff's sublessee.

3. SAME—AMBIGUITY—SUBLEASE.

In controversy between plaintiff lessee and defendant with whom he had made one agreement wherein latter was former's subtenant and paid lessee a monthly rental in addition to paying lessee's monthly rental to the lessor and a contemporaneous agreement recited plaintiff sold and assigned to defendant the lease with the lessor, evidence *held*, to require finding that transaction amounted to a sublease.

4. SAME—FORECLOSURE OF LESSOR'S INTEREST—EFFECT UPON LESSEE AND SUBLESSEE.

Upon expiration of period of redemption from sale of interest of lessor, land contract purchaser, at foreclosure sale to lender to whom it had been assigned as security for loan, rights of lessee under lease were terminated, the decree of foreclosure was then tantamount to an eviction of the lessee's sublessee and terminated his liability for payment of rent to lessee and as to rentals subsequently accruing there was a failure of consideration.

5. SAME—SUBLEASE—AGREEMENT WITH PURCHASER AT SALE UNDER FORECLOSURE OF LESSOR'S INTEREST.

After contract vendee's interest which had been assigned as security to lender of money was foreclosed and then purchased at foreclosure sale by the lender with which subtenant of lessee of contract vendee had made an agreement relative to lease to be entered into after period of redemption had expired but which agreement did not include lessee as a party, lessee was not entitled to collect rent from subtenant after right to redeem was terminated.

6. WITNESSES—CROSS-EXAMINATION.

Cross-examination of plaintiff germane to issues presented by the pleadings was proper.

7. TRIAL—MOTION FOR DIRECTED VERDICT—CROSS-EXAMINATION OF PLAINTIFF.

In determining motion for directed verdict made at close of plaintiff's proofs, consideration must be given to the whole of

the record as it then stands notwithstanding that cross-examination of plaintiff or some of his witnesses may have developed facts primarily pertinent to defendant's affirmative case, as receiving such testimony on cross-examination is within the discretion of the trial judge.

8. COSTS—NONPAYMENT—PAYMENT BY CHECK.

In lessee's action against sublessee for moneys alleged to be due under agreements between them, costs in circuit court on theory of nonpayment of balance of rent are not allowed where plaintiff received and retained, but did not cash, defendant's check and made no objection in trial court that it was not cashable.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 5, 1940. (Docket No. 99, Calendar No. 40,922.) Decided April 1, 1940.

Assumpsit by Philip Cohn against Mary Lee Candies, Inc., a Michigan corporation, for sums allegedly due as consideration for assignment of a lease. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Edward B. Benscoe* and *Herbert M. Eiges,* for plaintiff.

*Clark, Klein, Brucker & Waples,* for defendant.

NORTH, J. By this suit in assumpsit plaintiff seeks to recover an amount which he claims is due him from defendant as the consideration for an assignment of a lease. At the close of plaintiff's proofs the trial court granted defendant's motion for a directed verdict. Judgment of no cause of action was entered and plaintiff has appealed.

For some time prior to March 1, 1936, plaintiff was operating a clothing store at 545 South Saginaw street in the city of Flint. The lease under which he was occupying the premises at a rental of $350 per month expired March 1, 1939. Defendant, a pro-

prietor of a chain of candy stores, desired to obtain for its business the store occupied by plaintiff. Sometime prior to March 1, 1936, these parties entered into negotiations looking to defendant's obtaining from plaintiff either a sublease or an assignment of the lease held by him. Investigation disclosed that plaintiff's lease was of a rather precarious character for the following reasons. His lessors, Sigmund and Helen R. Seitner, held title only as contract vendees of the premises of which the store occupied by plaintiff constituted a part. Marian Miller was the vendor in the land contract under which the Seitners held. And the Seitners had assigned their vendees' interest as security for a loan of approximately $100,000. This security was held by the Genesee Trustee Corporation. The situation was somewhat further complicated by reason of the fact defendant wanted to obtain a lease for at least seven years, in order that it might be justified in making substantial alterations in the property and equipping it in a manner suitable for its business. This latter circumstance led to negotiations between plaintiff and his lessors whereby he obtained a lease at the same rate of rental, $350 per month, which extended the leasehold term to July 1, 1943; but in securing this new lease some expenses were incurred and a bonus of $1,300 was required by the lessors. This lease is dated March 1, 1936, but was acknowledged by the lessors March 10, 1936.

By an instrument dated March 11, 1936, but acknowledged by plaintiff on March 12, 1936, he leased to the defendant the store in question for a period "of seven (7) years and one (1) month, from and after June 1, 1936, and ending on June 30, 1943." Under this lease the monthly rental was $550. It contained the usual covenants on the part of the lessor that the lessee should at all reasonable times

have access to and possession of the premises and that the lessor would make the necessary repairs during the term of the lease. This lease, executed in duplicate, was left in escrow with defendant's attorneys. This was done so that the parties to the proposed lease would not be bound by its terms until some arrangement could be made with other parties who had rights in the property superior to those of plaintiff, it being defendant's desire to consummate the transaction in such a way that its leasehold rights would be binding upon all parties. Incident to working out such a result, plaintiff and defendant on the same day they entered into the leasehold agreement above mentioned also entered into another agreement. After referring to plaintiff's lease obtained from the Seitners March 1, 1936, and extending his tenancy to June 30, 1943, the agreement contains the following recital:

"Whereas, said first party has subleased said property, as of March 11, 1936, to second party, for a term beginning June 1, 1936, and ending June 30, 1943, for a greater rental than that due Seitners under said lease of March 1, 1936, and

"Whereas, the parties desire that for the purposes of said sublease second party shall have all of the rights granted unto first party by his said lease with Sigmund Seitner and Helen R. Seitner, his wife;

"Now, therefore, in consideration of the premises and of the mutual covenants hereinafter contained, it is agreed as follows;

"1.    First party hereby *sells, assigns, transfers* and *conveys* unto said second party, his said lease dated as aforesaid, March 1, 1936, with Sigmund Seitner and Helen R. Seitner, his wife, a signed copy of which is hereto attached."

It was further set forth in this instrument that the defendant herein agreed to make payments in

accordance with a schedule attached to the agreement; and among other provisions in the schedule it was specified that on the date of the agreement defendant should pay to plaintiff $2,050, and following this item it was recited:

"Considered as a payment on *rent* for each first 66 months of the term of *said sublease,* in addition to the amounts *therefor* hereinafter specified."

Another item of the schedule specified that from June 1, 1936, on the first of each month thereafter through February, 1939, the defendant herein should pay to the Seitners $350 and to plaintiff $150; and following this item in the schedule it is recited:

"Each payment, together with that made to Seitners, is *for the rent* for the month following the payment."

A like note of explanation follows the provisions in the schedule for the remaining monthly payments of rent. Under the last of these provisions defendant was to pay $500 per month to the Seitners and $50 per month to plaintiff for the period from December 1, 1941, to and including June 1, 1943. The foregoing facts as well as those hereinafter cited are important because decision herein primarily turns upon whether the trial court was right in holding as a matter of law that defendant, as it claims, held as a subtenant of plaintiff, rather than as the purchaser and assignee of plaintiff's lease from the Seitners, as plaintiff asserts. If defendant took an assignment of plaintiff's lease with the Seitners, plaintiff claims he would be entitled to receive from defendant the amounts specified in the above-mentioned schedule to June 1, 1943.

The agreement from which the above quotations are made was also placed in escrow with defendant's

attorneys.   While it was dated March 11, 1936, it was not acknowledged, and presumably not executed, by the president of defendant company until March 16, 1936.   On the date of this acknowledgment another agreement was entered into between plaintiff and defendant wherein the conditions upon which the previous agreement should become operative were specified.   It is there provided that plaintiff was to obtain on or before April 1, 1936, a written agreement with Marian R. Miller, the owner of the fee, and with the Genesee Trustee Corporation whereby each of them would be bound by the terms of the lease and agreement which had been tentatively entered into between plaintiff and defendant. And in this connection it was further provided in the agreement of March 16th as follows:

"If such written agreement (with Miller and with the Genesee Trustee Corporation) is not obtained (by plaintiff herein) before April 1, 1936, second party (defendant herein) may, on or before April 8, 1936, either (a) pay said balance of down payment of $1,500 whereupon said lease and agreement shall be in full force and effect as between the parties thereto, without the consent of the owners of the property; or (b) second party hereto may refuse to accept said lease and agreement without such consent, whereupon second party hereto shall be relieved and discharged of any and all obligations by it undertaken by the terms of said lease and agreement of March 11, 1936; and in such event first party agrees to return forthwith to second party the said sum of $550 which he has heretofore received."

Plaintiff did not obtain an agreement prior to April 1, 1936, with Miller or with the Genesee Trustee Corporation; but on the 30th day of March defendant did obtain an agreement in writing executed by the Genesee Trustee Corporation; and on the 6th

day of April one was obtained by defendant from Marian R. Miller. In each of these written instruments the respective parties agreed in substance that, in case of foreclosure or other enforcement of rights in this property which were paramount to those of plaintiff's so that the party who had foreclosed became entitled to possession of the property, such party would enter into a lease with the defendant herein for the unexpired portion of the term as provided in its lease with plaintiff and on the same terms except as to the party to whom the rentals were to be paid.

After these various instruments were thus executed and on April 6, 1936, the parties met, payment was made by defendant of the money as previously agreed and the escrowed papers were delivered. On June 1st defendant went into possession under its sublease and agreement with plaintiff and so continued until November 22, 1937. Defendant paid or tendered to plaintiff all sums due to him to the above date.

On plaintiff's cross-examination it was made to appear by introduction of appropriate records and documents that the Genesee Trustee Corporation foreclosed its lien on the vendees' interest held in the property by plaintiff's lessors, Mr. and Mrs. Sigmund Seitner. Plaintiff herein was made a defendant in this foreclosure suit. In his answer filed November 12, 1936, as bearing upon the rights he then claimed in the property, the following appears:

"Answering paragraph 11 this defendant admits that he claims an interest to the possession and use of said premises. * * * Further answering this defendant says that he is entitled to the possession, use and occupation of said premises under and by virtue of a certain lease entered into on the 1st day

of March, 1936, by and between Sigmund Seitner and Helen R. Seitner, his wife, and this defendant.''

Sale of the foreclosed interest by the circuit court commissioner on May 22, 1937, was to the Genesee Trustee Corporation. The period of redemption expired November 22, 1937. Thereupon plaintiff's rights under his lease from the Seitners were terminated; and likewise all rights of the defendant herein which it had obtained from plaintiff herein were terminated. Defendant herein, as well as plaintiff herein, was made a defendant in the foreclosure suit; and by the terms of the foreclosure decree all defendants in that suit were barred and foreclosed upon the expiration of the period of redemption from all rights in the property. This is alleged in the affirmative part of defendant's answer to plaintiff's declaration and is not denied in plaintiff's reply. The following provision in the decree became effective:

''It is further ordered, adjudged and decreed that if at the expiration of a period of six months after the date of such sale the mortgaged property shall not have been redeemed, then the purchaser or purchasers of the mortgaged property at such sale will. be let into possession * * * and that all of the parties to this cause who may be in possession of said property, or any part thereof, * * * deliver ·possession thereof to such purchaser, * * * subject however to the above-described right of defendant Mary Lee Candies, Inc., to remain in possession of a portion of said property.''

The provision of the decree just above referred to reads:

''That such sale shall also be subject to the right of the defendant Mary Lee Candies, Inc., to remain in possession of portion of said property in accord-

ance with the provisions of a certain agreement entered into on March 30, A. D. 1936, between plaintiff (Genesee Trustee Corporation) and said defendant Mary Lee Candies, Inc., a true copy of which is attached to the said defendant's answer and cross bill on file herein.''

Fundamentally appellant's claim is that notwithstanding the above-noted record which had been made in the trial of the case at the time plaintiff rested, there was still a question of fact for the jury as to whether defendant was plaintiff's subtenant or whether defendant had purchased from plaintiff his leasehold interest with the Seitners and was in possession as the assignee of such leasehold. Appellant asserts that under the record the trial judge was in error in directing a verdict in favor of defendant. Our review satisfies us that this claim of appellant cannot be sustained.

We are mindful in the agreement between these parties dated March 11, 1936, it is recited that plaintiff herein *sold* and *assigned* to defendant herein ''his said lease'' with the Seitners; but notwithstanding this, throughout this whole transaction it is apparent that these litigants contemplated and understood that whatever rights in the property defendant acquired from plaintiff were so acquired as his subtenant. A finding by the jury to the contrary would have been against the overwhelming weight of testimony and of necessity would have been vacated. It is obvious that defendant could not stand both in the position of plaintiff's subtenant and as the assignee of plaintiff's lease with the Seitners. Because of the conflicting terms used in the written instruments, there being no material conflict in the testimony, the relationship of these parties presented a question of law for the court; and the

court correctly held defendant was plaintiff's subtenant. Insofar as plaintiff gave testimony as to his conclusions which contravene the above holding, it is of no probative force.

That such a holding was necessitated is indicated by the following phases of the record. A sublease was in fact entered into between these litigants under which defendant was plaintiff's subtenant, and this lease was delivered and became effective simultaneously with the agreement which recited the assignment by plaintiff of "his lease" to defendant; and in numerous other places throughout these instruments, and almost universally, defendant is designated as plaintiff's subtenant. As hereinbefore noted in the schedule which provided for the payment to plaintiff of a portion of the rentals which would accrue in the future it is recited that they shall be considered as "payment on rent * * * of said sublease" and "each payment is for rent for the month following date of payment." At the time the transaction between these litigants was ready for consummation, April 6, 1936, plaintiff receipted to defendant for the payment of $1,500 and specified in the receipt that it was: "For balance of payment due on lease * * * due as of date of signing lease." And in his answer which plaintiff herein filed as a defendant in the foreclosure suit months after the execution of his sublease and agreement with defendant herein, he still made the claim, as above quoted, that he had an interest in the premises by reason of a right of possession and use under his lease with the Seitners. Of course he had no such right if months before he had assigned his lease to defendant herein. In view of the above, and other phases of the record, the holding is necessitated that at least as between the parties themselves defendant herein was in fact

and in law a subtenant of plaintiff. No other construction of the conflicting terms of the written instruments is legally possible under this record.

Upon expiration of the period of redemption the decree of foreclosure was tantamount to an eviction of defendant herein from the leased premises. As to rentals subsequently accruing there was failure of consideration. A sublessee cannot be held liable to his lessor for rents which accrue subsequent to the termination of all rights of the lessor in the leasehold premises. *Marsh* v. *Butterworth*, 4 Mich. 575; and *City of Hamtramck* v. *Roesink*, 286 Mich. 65. There is no merit in appellant's contention that since the decree of foreclosure excepted from its provisions the right of possession defendant herein had "in accordance with the provisions of a certain agreement entered into on March 30, A. D. 1936," defendant still is holding under appellant, and its right of possession has not been altered or disturbed. This reference is to an agreement between defendant herein and plaintiff in the foreclosure proceedings which provided that the former should have a lease in event plaintiff obtained by its foreclosure the right to possession of the property. Plaintiff herein was in no sense a party to the agreement of March 30, 1936, and can assert no rights arising therefrom.

We are not in accord with appellant's contention that certain portions of the proof brought into the record incident to plaintiff's cross-examination, and which appellant asserts were more properly a part of defendant's affirmative case, should not have been considered by the trial court in passing upon defendant's motion for a directed verdict made at the close of plaintiff's proofs. Such cross-examination was germane to the issues presented by the pleadings and was proper. *Chandler* v. *Allison*, 10

Mich. 460; *People* v. *MacCullough,* 281 Mich. 15. It is the uniform and well-established practice that in determining a motion so made consideration must be given to the whole of the record as it stands at the time the plaintiff rests his case. This is true notwithstanding that the cross-examination of the plaintiff or some of his witnesses may have developed facts which were primarily pertinent to the defendant's affirmative case. Receiving such testimony on cross examination is within the discretion of the trial judge. 64 C. J. P. 151.

For a balance of $106.48 rent due from defendant to plaintiff to November 22, 1937, the latter promptly received and retained, but did not cash, defendant's check. No objection was made by plaintiff on the ground that payment was by check rather than in money or that the check was not cashable. Under such circumstances plaintiff was not entitled to costs of this suit in the circuit court on the theory of nonpayment of the above sum. The trial court properly so held.

Other questions are raised in the body of appellant's brief, but our consideration of them is convincing that they are without merit and do not alter decision herein. The judgment entered in the circuit court is affirmed, with costs to appellee.

Bushnell, C. J., and Sharpe, Potter, Chandler, McAllister, Wiest, and Butzel, JJ., concurred.