HAYS *vs.* GOREE.

S. & P.
4sp170
98   652
4sp170
111   274

1. Under a parol contract, for the lease of lands, for five years, where the lessee has enjoyed the possession, for one year, the lessor may recover, in assumpsit, for the use and occupation of the premises, for that period.

Error to the Circuit Court of Monroe.

This action was assumpsit, against Hays, for the use and occupation of lands, the freehold of the defendant in error. The plaintiff below declared in two counts, for the use and occupation of a certain tract of land, with the appurtenances, lying, situate and being upon the Alabama river—for the space of one year; and in the first count, averred a promise to pay the sum of two hundred dollars, on request— and in the second count, an undertaking to pay so much as the plaintiff deserved to have and receive, as rent, &c.

Upon the trial, it was proved, that the plaintiff below, had leased to the defendant, by parol, the aforesaid tract of land, *for the term of five years.*

In reference to the evidence of this contract, the Court below was requested to charge the jury—first, that if a special contract were proved, it was incom-

petent for the plaintiff to introduce testimony, as to the value of the land for one year : secondly, that if the jury were satisfied, that the contract of lease was for a longer term than one year; and that there existed no memorandum of such contract, in writing, then the defendant was entitled to a verdict. The Court, however, instructed the jury, that if the lease were to endure for five years, and there was no memorandum in writing, the contract was void in law; and that the plaintiff could resort to an implied promise, for use and occupation.

To these opinions of the Court, the defendant below excepted, and verdict being rendered against him, he removed the case here.

*Bagby,* for the plaintiff in error—*Stewart contra.*

SAFFOLD, J. — The action was assumpsit, by the defendant in error, against the present plaintiff, to recover two hundred dollars, for the use and occupation of a plantation or tract of land, belonging to Goree, which, it is alleged, Hays had used, occupied and enjoyed for one year, (1828,) at his special instance and request, and by the permission of the former—which sum, for the consideration aforesaid, Hays is charged, to have undertaken and promised to pay. The trial was had on the general issue, and the plaintiff below recovered.

A bill of exceptions, taken on the trial, states that it was proved, Goree had leased or rented the land to Hays, for five years. "Under this proof, the defendant requested the Court, to charge the jury, that if a special contract was proved, it was incompetent for the plaintiff to introduce proof of the value of

the land, for one year." Also, "if they were satisfied, that the lease or renting from Goree to Hays, was for a longer time than one year, and there was no evidence or memorandum of that contract, in writing, they could not find for the plaintiff." The charge given was, "that if the jury found the lease to endure for five years, and there was no memorandum in writing of the lease, the contract was void, in law; and that the plaintiff could resort to an implied promise, for use and occupation."

In refusing to give the instructions requested, and in instructing otherwise, as stated, the Court is charged to have erred.

. The counsel for the plaintiff in error insists, that a former decision of this Court, in the case of *Bell* vs. *The heirs of Ellis*, and the cases there referred to, are authority for a reversal of the judgment, in this case. On the part of the defendant, it is contended, that the cases cited recognise a different doctrine, sustaining this judgment.

In the case of *Bell* vs. *The heirs of Ellis*, Bell, the original defendant had occupied the land, under a contract of sale, but the contract was illegal and void, because not made pursuant to a statute, which had authorised the sale of the estate of the heirs, in a particular manner. Subsequently the land was sold, according to the provisions of the statute, to a different person—the consequence of which was, that Bell was under the necessity of yielding the possession, at the end of the first year. The question was, whether rent, for the year, could be recovered against him, in an action of assumpsit, for use and occupation.

This Court then remarked, "that the action upon

an implied promise for rent, will only lie, in virtue of the statute, and where the relation of landlord and tenant is preserved : and, that this relation will be destroyed, when the possession is held under a contract of sale ; though that contract may be void—ineffectual to convey the premises—or even prevented by the purchaser, himself :" and, that these principles were fatal to that action."

This doctrine was declared, with reference, alone, to a contract, for the conveyance of the *fee*—and, in that view, with the necessary explanations of the other existing remedies, expressed or impled, there is conceived to be no objection to it. But the decision referred to, does not declare, that the effect of all void contracts, for possession, shall be a denial of the right of recovery, in an action for use and occupation, nor a destruction of the relation of landlord and tenant. It says the relation must exist, and that it will be destroyed, when the possession is held under a contract of sale, though the contract be void.

That decision was made with reference to the provisions of the statute of this State, " for the recovery of rent," &c., passed in 1812, which is similar to the English statute, of 2 George, II, and to the statute of New York, on the same subject. Ours provides, that it shall be lawful for any person ,to whom any rent may be due, " when the demise is not by deed, or, if by deed, not specifying the rent to be paid, to recover a reasonable satisfaction for the tenements occupied by the defendant, in an action on the case, for the use and occupation of what was held or enjoyed ; and if, on evidence, on the trial of such action, any parol demise, reserving any rent, or a demise by deed, but no rent therein agreed on—in ei-

ther case, the plaintiff in such case, shall not be non-suited, but shall recover a reasonable satisfaction for the tenements occupied."

The former decision of this Court to which reference has been made, rests for its authority mainly on the case in New York, of *Smith vs. Stewart.*[a] In that case, an agreement had been entered into, between the plaintiff and defendant, for the sale of the land. The defendant, as purchaser, entered into possession, but afterwards refused to complete the purchase; upon which the plaintiff sued for the use and occupation. The question, whether that action was sustainable, upon the facts as stated, being presented for the consideration of the Supreme Court; they remarked that at common law, no action of assumpsit for rent, would lie, except on an express promise, made at the time of the demise. That the action before them was given by the English statute, which that State had adopted; but that from its terms, "it seemed to apply only to the case of a demise, and where there exists the relation of landlord and tenant, founded on some agreement creating that relation." That the defendant in that case entered under a colour of title which might have been enforced in equity." That by refusing to perform the contract, he changed himself into a trespasser. That he never was strictly a tenant, never was entitled to notice to quit, nor liable to distress, or to an action of assumpsit for rent. But he was declared to have been liable to be turned out as a trespasser, and responsible in that character, for the *mesne* profits.—— Our previous decision also refers for authority to a decision in England, *Kentland vs. Pounsett,*[b] There a purchaser took possession of the premises and paid

[a] 6 Johns. Rep. 46.

[b] 2 Taunt. 145.

the full price agreed on, a firm contract of sale, which, on account of a defect in the vendors title, failed to be completed. For the failure to consummate the title, the vendee thereupon tendered the possession, declared a rescision of the contract, and sued for and recovered back the purchase money, with the expenses of investigating the title. The vendor then instituted this action to recover a sum for the time during which the defendant had occupied the premises. The Court of Common Pleas ruled, that a contract could not arise by implication of law, under circumstances, the occurrence of which neither of the parties ever had in their contemplation. That if money had been paid, and possession taken without a title, it was just that the one party should take back his money and the other take back his house; and it was impossible to make the rules of law depend on the loss or gain in each transaction. Both these decisions are understood to have been made under statutes substantially the same as ours, and I have noticed them more in detail than would otherwise have been necessary, to show that both of them (as well as the previous decision of this Court,) were made in cases clearly distinguishable from this. They do not determine the question, whether assumpsit will lie for the use and occupation of lands for one year, when the possession was taken by the permission of the plaintiff, under a parol lease, for a longer term; or whether such enjoyment of the premises, though the contract can not be specifically enforced, does not create the relation of landlord and tenant. Admitting that such agreement can not be enforced against a lessee who has taken no benefit from the contract, it does not follow that one who has enjoyed the pro-

fits under the lease, for one or five years, should not be legally responsible for the term during which it was competent for the parties to contract by parol.— The restriction of the statute is only, that no action shall be brought whereby to charge any one "upon any contract for the sale of lands," &c., "or the making any lease thereof for a larger term than one year." This action is brought for but one year, and though the contract was for a larger term, it does not appear, (if that were material,) that any price or rate of rent was agreed on. Had the permission to occupy, been for an indefinite term, the relation of land lord and tenant would have been unquestionable.

There are other decisions by the Supreme Court of New York, which also relate to this subject.— The case of *Osgood* vs. *Dewey*,[a] was an action for use and occupation. The Court held that the action was sustainable upon an implied as well as an express permission of the landlord. That a tenant who, after the expiration of his term and payment of rent, under a parol demise, continues in possession, without any new agreement with the landlord, can not, in an action against him for the use and occupation of the premises, subsequent to the expiration of the former term, dispute the title of the plaintiff. That his subsequent holding will be deemed to have been by the implied permission of the original lessor.

Again, in the case of *Abeel* vs. *Radcliff*,[b] the same doctrine, of subsequent liability, was maintained against a lessee, by deed, who held over after the expiration of the time; also against one holding under a covenant contained in the expired lease, for a renewal of the lease, though no price or rate of rent, for the subsequent term, was expressed. Such was

[a] 13 Johns. Rep. 240.

[b] 13 Johns. Rep. 297.

declared to be the law of that contract, notwithstanding the deed contained a covenant for a renewal of the lease, without sufficiently defining the term of renewal; and for which uncertainty the Court considered that covenant void, under the statute of frauds, so that it could not be enforced. The decision of this Court in the case of *Allen* vs. *Booker*,[a] referred to by the defendant in error, is also entitled to its influence on this case. It is ruled, in that case, that an action of assumpsit is sustainable, to recover back money, paid on a parol purchase of land—such contract being void, by the statute of frauds.

a 2 Stewt. 21

The principle of the decisions last reviewed, I understand to be, that though contracts be void, under the statute of frauds, so that the law will not enforce them—yet, that the maxim *ex turpi causa, non oritur actio,* does not apply to such. That if one has entered into such contract, and received value under it, the law creates a responsibility, and implies a promise to pay, or account to the other, according to the obvious justice of the case.

In the present case, we think the parol lease, and the enjoyment of possession, under it, for a year or more, created the relation of landlord and tenant, at least for the one year; and during this time, the occupant would have been entitled to notice to quit—consequently, that this action was sustainable, for a fair and reasonable rate of rent, for the same term.

We are unanimous in the opinion, that the judgment must be affirmed.