[Nelson, Adm'r, v. Webb.]

# Nelson, Adm'r. *v.* Webb.

### *Attachment for Rent.*

1. *Amendment, right of.*—Under our liberal statute of amendment, there. is no limit to the right, save that there must not be a total departure from the process, or an entire change of parties or of the cause of action.

2. *Same ; what amendment not a departure.*—An amendment to a declaration for use and occupation under a special contract of renting, by adding the common count for use and occupation, is not a departure from the cause of action disclosed in the original complaint, nor does it vary from the affidavit and writ of attachment (disclosing a special contract of renting) by which the suit was commenced.

3. *Assumpsit, recovery in.*—In assumpsit for use and occupation, the plaintiff may recover under the common counts in that form of action, although the special contract of renting declared on is void, under the statute of frauds, if the defendant entered and enjoyed possession, and nothing remains to be done but payment of rent.

4. *Rent, lien for ; to what attaches.*—If there be separate contracts of renting of separate parcels of lands by the owner to the same tenant, the landlord has a lien on the crop grown on each of the parcels of land, only for the rent of such parcel.

5. *Same ; remedy by attachment for rent.*—Attachment for rent can not be maintained unless the relation of landlord and tenant exists ; but where the contract of renting is obnoxious to the statute of frauds, and the tenant has entered and occupied the premises, such a contract, followed by use and occu-pation under it, creates the relation of landlord and tenant between them.

APPEAL from Circuit Court of Dallas.

Tried before Hon. M. J. SAFFOLD.

The appellant, Nelson, who was then special administrator of the estate of Alanson Saltmarsh, deceased, commenced this suit by attachment, in the circuit court, against the appellee, Webb. The affidavit for attachment stated that "Samuel H. Webb was justly indebted to him (Nelson) as special administrator of A. Saltmarsh, deceased, in the sum of two thousand and fifty dollars for rent of lands belonging to said estate, for the year 1871, and that said Webb has removed a part of the crops raised on said rented lands, with-out affiant's consent, and that the attachment is not sued out for the purpose of vexing or harrassing the said Samuel H. Webb." This affidavit was made on the 20th day of Octo-ber, 1871, and on the same day the clerk issued the writ of attachment which followed the affidavit, except that it directed a levy upon the defendant's estate generally, instead of upon the crops grown on the premises.

Plaintiff's original complaint contained but a single count,

claiming of the defendant $2,050, "the rent of lands belonging to the estate of the said Alanson Saltmarsh, deceased, in the county of Dallas, demised by plaintiff as administrator as aforesaid, to "defendant, to-wit: On the 1st day of December, 1870, said rent commencing on the first day of January, 1871, and ending on the 31st day of December, A. D. 1871." Afterwards, by leave of court, two additional counts were added, and the plaintiff showing that since the commencement of the suit he had been appointed general administrator, the complaint was amended in that particular also. The record does not contain the second count. The third count claimed a like amount as the first, for use and occupation of the same lands from the 1st day of January, 1871, to the 31st day of December of that year.

Afterwards, on motion of the defendant, the court struck out the third count, upon the grounds that "the landlord's lien statute gave no lien enforceable by attachment, to one claiming for use and occupation, and that it was a departure from the cause of action as set forth in the affidavit and attachment," and plaintiff excepted.

The testimony showed that plaintiff, as special administrator, rented out the lands belonging to the Saltmarsh estate on the 15th day of October, 1870; that there were two plantations, the "Mount Nebo place" and "Cahaba river place"; that these places were rented separately at public outcry by plaintiff to the defendant for the year 1871; that he agreed to pay $250 for the "Mount Nebo place," and $1,800 for the "Cahaba river place"; that the defendant agreed to pay the rent not later than the 1st of October, 1871; that he did not take possession of or cultivate the "Mount Nebo place," but did go into possession of and cultivate the "Cahaba river place," for and during the year 1871, raising a crop of corn and cotton thereon, on a portion of which the attachment was levied.

Thereupon, plaintiff moved the court for leave to amend their complaint so as to show that the various sums of money therein claimed were due on the 1st day of October, 1871, but the court refused to permit the amendment and plaintiff excepted. The plaintiff also asked leave to amend the complaint, "by striking out the sum of $2,050 wherever it occurred, and insert in lieu thereof the sum of $1,800." This was also refused, and plaintiff excepted. The court, at the request of the defendant, charged the jury, if they believed the evidence, the contract sued on was void under the statute of frauds, and plaintiff was not entitled to recover. The plaintiff excepted to this charge, and in consequence was forced to suffer a nonsuit, &c.

The charge given, the order striking out the third count of the complaint, and the refusal to allow the amendments asked, are now assigned for error.

BROOKS, HARRALSON & ROY, for appellants.

JOHN WHITE, contra.

BRICKELL, C. J.—The affidavit, the attachment and the original complaint, fully apprised the defendant of the character of the suit—that it was an action of assumpsit for use and occupation. No amendment of the original complaint, not changing this cause of action, is a departure from the affidavit and writ. The common count for use and occupation, could originally have been joined with the special count. The common count, appropriate for a recovery, if there had not been a special contract, as declared in the special count, may always be joined with the special count. As the common count could originally have been joined, its introduction by amendment was proper, not varying or departing from the cause of action, simply averring it in another form, to meet the possible phases in which the evidence might present the case. Under our former practice, when suits were commenced by original writ, on which the cause of action must have been indorsed, a declaration could not be stricken out as varying from the writ, unless there was a radical departure from the indorsement.—*Sexton v. Rone*, 7 Ala. 829; *Tenison v. Martin*, 13 Ala. 21.

It is a general rule in assumpsit, that when a plaintiff declares on a special contract, if he fails in his proof of it, he may recover on the appropriate common count, if the case be such that, supposing there had been no special contract, he could have recovered. The rule is as applicable to assumpsit for use and occupation, as to any other form of action. In *McMillan v. Wallace*, 3 Stew. 185, the plaintiff declared specially on a contract for the payment of rent, joining the common count for use and occupation, and the contract proved varying from that alleged in the special count, the contract being executed, nothing remaining but the payment of the rent by the defendant, he was held entitled to recover on the common count a reasonable satisfaction for his rent, not exceeding the sum promised by the special contract. So if the contract of renting is obnoxious to the statute of frauds, but the defendant has entered and enjoyed possession, a recovery on the common count for use and occupation, may be had.—*Hays v. Goree*, 4 St. & Port. 170.

[Nelson, Adm'r, v. Webb.]

There is no limit to the right and power of amendment of pleading under our statute, except that there must not be a total departure from the process, an entire change of the cause of action or of the parties.—*Crimm v. Crawford*, 29 Ala. 623. Under the narrowest statute of amendments, the misdescription of a contract, verbal or written, in date or amount, could be corrected. When the complaint described the cause of action as a promissory note, an amendment correctly describing it as a bond, or writing under seal, has been allowed under our present statutes.—*Reed v. Scott*, 30 Ala. 640. The amendments asked, so as to change the day of payment of the rent and the amount claimed, should have been allowed. We agree with the appellee's counsel, that if there are separate contracts of renting of different premises, the landlord has a lien on the crop grown on each of the parcels of land, only for the rent of that parcel. If he sues out one attachment only, as he may, counting in his complaint on the several demises, or relying on the common count only, when that would be sufficient, and the attachment is levied only on the crop grown on one of the premises, the court could dissolve the attachment as to the claim of rent of the other premises, thereby confining a recovery to the rent only of the premises on which the crop levied on was grown.—*Jordan v. Hazzard*, 10 Ala. 221; S. C. 12 Ala. 180; *Gill v. Downs*, 26 Ala. 670. The consequences apprehended by appellee's counsel from the allowance of the amendments could not therefore result.

It must not be understood that an attachment for rent can be maintained, unless the relation of landlord and tenant exists. The common count is appropriate for a recovery when that relation exists, the tenant has occupied, and there remains nothing but the payment of rent; or the contract of renting is obnoxious to the statute of frauds, and the tenant has entered and occupied the premises. Such a contract, followed by use and occupation under it, will create the relation of landlord and tenant.

The court erred in its several rulings, the nonsuit must be set aside and the cause remanded.