# Crawford, Adm'r, *v.* Jones.

## *Action for Rent.*

1. *Rent, void contract; for what admissible.*—A contract of renting, though deprived of all force as a lease, because obnoxious to the statute of frauds, is admissible to show the character of the defendant's occupation and the amount agreed to be paid for rent.

2. *Objection to evidence; what waiver of.*—An objection to evidence on certain specified grounds, is an implied waiver of other objections.

3. *Charge; when properly refused.*—A charge requested, based on an immaterial inquiry and not directing the attention of the jury to the material question, is properly refused.

4. *Landlord and tenant; what creates relation of.*—Though a contract of renting be void as such, under the statute of frauds, yet if the tenant enters and occupies under it, the relation of landlord and tenant is thereby created, and the former may recover of the latter the value of the rent, in an action for use and occupation.

5. *Same; when tenant estopped to deny landlord's title.*—One who has thus become a tenant can not, when sued for the rent, deny his landlord's title, unless he shows a *bona fide* eviction under a paramount title, or that landlord's title was extinguished pending the occupancy; and his proof falling short of this, evidence of title in another or payment of rent to him, is no defense to the landlord's action for rent.

APPEAL from Circuit Court of Pickens.
Tried before Hon. LUTHER R. SMITH.

[Crawford, Adm'r, v. Jones.]

The appellee, Jones, as surviving partner of the firm of J. A. Winston & Co., brought this action against the appellant as administrator of Thompson Crawford, deceased, to recover rent for a half interest in the "Pickensville Ferry," which the intestate rented from said firm in his life time.

The first count of the amended complaint claimed $225 on an account stated, &c., on the first day of January, 1869, "the same being for rent of the Pickensville Ferry, in said county, for the year 1868, the same being bid off by defendant's intestate at an auction renting of said ferry, on the 28th day of December, 1867, by a licensed auctioneer, all the terms of section 1683 of the Revised Code being complied with by the clerk at said auction sale," said sum to be paid on first day of January, 1869.

The second count claimed $200, due from defendant's intestate on the first day of January, 1870, "for the rent of the ferry during the year 1869, which was rented to him by plaintiff on the 15th day of January, 1869, rent to be due on the first day of January, 1870," and averred that the intestate took possession under the said renting and received the profits of the ferry, without let or hinderance.

The defendant, among other defenses, pleaded *non assumpsit*, and the statute of frauds.

On the trial it was shown that the ferry, in which Mrs. Cox owned a half interest and John A. Winston & Co. the other, was on the 28th day of December, 1867, rented out at public outcry for the year 1868, by a licensed auctioneer, and that at said renting the attorney of the owners acted as clerk and made a memorandum, at the time, in writing, in substance as follows:

"Memorandum of renting of Pickensville Ferry, December 28th, 1867. Interest of Mrs. Cox rented to T. A. Crawford [the intestate] for 1868, due January 1st, 1869, at two hundred and twenty-five dollars. Winston & Co's interest in same to same, at same prices and due at same time."

Under this contract the intestate took possession, and so remained during the year 1868. In the fall of the year, the intestate made application to the agent of the owners to rent the ferry for the succeeding year, but the contract of renting for that year, 1869, so far as concerned Winston & Co's interest, was not made until the 15th day of January of that year, and under this last contract, which was verbal, the intestate took possession of the ferry and remained in possession during that year.

The defendant moved to exclude all the evidence in regard to the renting at public outcry, on the grounds that the attorney of the owners was not a proper person to act as clerk;

[Crawford, Adm'r, v. Jones.]

that the memorandum was void under the statute of frauds, and that it was not sufficient to bind the intestate. This motion was overruled and the defendant excepted. The defendant, after proving certain deeds, offered them in evidence, "for the purpose of showing that Winston & Co. had neither the title or right of possession at the time of said public renting;" but the court, on motion of plaintiff, excluded them and defendant excepted. It was shown that defendant paid rent for the ferry, for the year 1868, to other persons than Winston & Co., claiming that they were entitled to the rents that year. The defendant requested several written charges, each of which was refused, and to each of which refusals he duly excepted. The first of these charges instructed the jury, in substance, if they found the clerk who made the memorandum was the attorney of the owners of the ferry, "at the time of the renting, he was not such a clerk as could bind the defandant." The second charge requested instructed the jury, "if they found that the memorandum did not contain all the law required to be set forth, it was not sufficient to bind defendant's intestate." The third of these charges instructed the jury that the auctioneer was the agent of both parties and may bind them, but "neither of the parties themselves can occupy the relation of agent for both parties, except with the consent of the other."

The various rulings, to which exception was reserved, are now assigned for error.

H. S. SHELTON and F. P. SNEDICOR, for appellant.

M. L. STANSEL, contra.

BRICKELL, C. J.—The complaint contains two counts — the first setting out a contract for renting for the year 1868, made at public auction, in December, 1867. To avoid the statute of frauds, it is averred the renting was at public auction, and a memorandum made by the clerk of the auctioneer, conforming to the statute, R. C. § 1683. The second count is on a contract of renting, made in January, 1869, for that year. An averment is made that the defendant, under the contracts of renting, had the use and occupation of the premises during each year. The memorandum made by the clerk of the renting in December, 1867, being introduced as evidence, the defendant moved its exclusion, because it was not a sufficient note of the contract. The motion was rested on several specified grounds, not material to be considered in the view we take of the case. The defendant requested several charges which were refused, all founded on the sup-

posed insufficiency of the memorandum, as a note of the contract, under the statute of frauds.

The complaint in each of its counts, avers every fact necessary to support an action for use and occupation, and would on proof authorize a recovery, though the contract, under which the defendant entered and occupied, was obnoxious to the statute of frauds. The contract of renting, though by the statute of frauds deprived of all force as a contract of lease, is evidence to explain the character of the defendant's occupation and of the amount agreed to be paid as rent.— *Hays v. Goree*, 4 St. & Por. 170; *Crommelin v. Theiss*, 31 Ala. 412; *Rainey v. Capps*, 22 Ala. 288; *Osgood v. Dewey*, 13 Johns. 240; *Morehead v. Watkins*, 5 B. Mon. 288. The specific objection to the memorandum, as evidence, made in the court below, was its insufficiency under the statute of frauds. No other objection will be considered here. The objection in the court below, on that ground only, must, if the evidence is subject to any other objection, be deemed an implied waiver of it.—1 Brick. Dig. 887, §§ 1193-94.

The refusal of the charges requested, if they asserted correct legal propositions, which we have not considered, was error without injury. The use and occupation of the premises in 1868, under the contract of renting, was not disputed as a fact. If it had been, the evidence of it is full and uncontradicted. The plaintiff's right of recovery did not depend on the validity of the contract of renting, but on the fact of permissive use and occupation by the defendant. Without affecting this right, the invalidity of the contract of renting could be conceded. A charge requested, based on an immaterial inquiry, and not directing the attention of the jury to the material question for them to determine, is properly refused.—*Bank of Mobile v. Brown*, 42 Ala. 108; *Martin v. Hill*, Ib. 275.

Though a contract of renting is void under the statute of frauds as a lease, if the tenant enters and occupies under it, the relation of landlord and tenant is thereby created. The tenant owes to the landlord the fealty, and the landlord owes to the tenant the duty, which are the inseparable incidents of a lease executed in the manner the statute of frauds prescribes. The landlord may by distress, or other legal remedies, collect his rent, and the tenant may retain the possession against any known process of law. It follows, in an action for the recovery of rent or of possession, the tenant is estopped from denying the title of the landlord, unless he can show a *bona fide* eviction, under a paramount title, or that the title of the landlord pending the occupancy was extin-

guished.—*Gudgell v. Duvall*, 4 J. J. Marsh, 229 ; *English v. Key*, 39 Ala. 115.

The evidence of the title of another than the landlord under whom the tenant entered, and of the payment of rent to another, was inadmissible. It may be remarked, this evidence had reference only to the rent for 1869. The contract of renting for that year, though oral, having been made in January, was not offensive to the statute of frauds. Thereby the technical relation of landlord and tenant was created; and there can be no doubt the tenant was estopped from denying the title of the landlord.

The judgment is affirmed.