# Martin *v.* Blanchett.

### Statutory Attachment by Landlord, for Advances.

1.  *Verbal lease for one year, commencing at future day; attachment for advances.*—Although a verbal lease for the term of one year, to commence at a future day, is void under the statute of frauds (Code, § 2121); yet, if the tenant takes possession under the lease, and pays the rent as stipulated, this imparts validity to the contract, creates the relation of landlord and tenant between the parties, and gives the landlord a right to an attachment against the crop for advances made during the year.

2.  *Statute of frauds; how pleaded.*—The statute of frauds as a defense, if not specially pleaded, is waived, and is not available under the general issue.

VOL. LXXVII.

[Martin v. Blanchett.]

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Columbus Martin, against Lemuel Blanchett, to recover the sum of $300, alleged to be due to the plaintiff as landlord, for advances made by him to enable the defendant, his tenant, to make a crop on the rented lands during the year 1883; and was commenced by attachment against the defendant's crop, sued out on the 22d November, 1883, on the ground that the defendant had removed a part of the crop from the rented premises, without the consent of the plaintiff, and without paying for said advances. "On the trial," as the bill of exceptions states, "the general issue being pleaded, the plaintiff proved that, about the 1st December, 1882, he rented land to the defendant for the year 1883, for the agreed price of six bales of cotton. The proof showed, also, that the contract of renting was not in writing; that the defendant took possession of the land in December, 1882, two or three days after the contract was made, occupied and cultivated the same during the year 1883, and paid the six bales of cotton, agreed rent, from the crops grown on the rented lands that year. The proof showed, also, that after the 1st January, 1883, and while the defendant was in the use and occupancy of the lands, the plaintiff made advances to him to the amount of $320, in a mule, money and provisions, to enable him to cultivate the land, gather, save and prepare the crop for market; and that the debt for said advances had not been paid. This was all the evidence in the case. The court thereupon charged the jury, at the request of the defendant, that the contract of renting, not being in writing, was void; that the relation of landlord and tenant did not subsist between the parties under said contract; that the plaintiff had no lien on the crop grown on the rented lands, for his advances; and that they must find for the defendant, if they believed the evidence." The plaintiff excepted to this charge, and he here assigns it as error.

J. N. WILLIAMS, and J. M. WHITE, for appellant.

H. D. CLAYTON, Jr., and A. H. THOMAS, contra.

SOMERVILLE, J.—The charge of the court was clearly erroneous. Admitting that the contract of renting between the parties was void under the statute of frauds, as a parol agreement for a lease for the term of one year, to commence in futuro, within the principle decided in Crommelin v. Theiss & Co. (31 Ala. 412); the defendant, nevertheless, went into possession of the premises, occupying under his verbal contract, and paid his rent to the plaintiff; and this act of recognition of

19

the relation of landlord and tenant created a tenancy, and operated to impart validity to an agreement, otherwise deemed void, because not in writing and signed by the party sought to be charged.—*Singer Manufacturing Co. v. Sayre,* 75 Ala.; *Crawford v. Jones,* 54 Ala. 459; *Nelson v. Webb, Ib.* 436. The record shows, moreover, that the statute of frauds was not specially pleaded, the only plea being the general issue. The benefit of the statute, therefore, was not available, but was waived.—*Shakspeare v. Alba,* 76 Ala. 351; *Cooper v. Hornsby,* 71 Ala. 62; *Comer v. Shehan,* 74 Ala. 452, 458; *Harris v. Miller,* 71 Ala. 26.

The contract of the defendant to pay for the advances made to him by the plaintiff was a valid legal promise, upon which an action would lie, and for the amount of which the plaintiff was entitled to the landlord's lien secured by section 3467 of the present Code, and the act amendatory thereof, approved February 12, 1879, with the remedy by attachment thereby afforded for its enforcement.

Reversed and remanded.