# Smith *v.* Pritchett.

98  649<br>111  272

*Attachment by Landlord on Rent Contract.*

1. *Statute of frauds.*—In order to get the benefit of the statute of frauds as a defense, it must be specially pleaded. It is not available under the plea of the general issue.

2. *Contract to be performed in a year.*—A rental contract made on the 31st December, 1890, for the rent of land for the year 1891, does not fall within the statute of frauds, since it may be executed within a year, commencing the next day, under the rule in this State.

3. *Action for use and occupation.*—Where one enters into possession under a voidable rental contract, and holds with the consent of the land owner, the relation of landlord and tenant exists so long as the premises are occupied, entitling the landlord to recover in an action for use and occupation and enforce his landlord s lien to this extent, in such action ; and, the voidable contract may be looked to, to show the character of the possession, and the value of the rent.

APPEAL from Pike Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by J. F. Pritchett and others,

against Henry Smith, to recover an amount of rent agreed to be paid by said Smith for certain farming lands for the year 1891, and was commenced by attachment. The attachment was levied on a quantity of corn grown on the rented premises during the year 1891, which was replevied by the defendant. The cause was tried upon the plea of the general issue. On the trial the plaintiffs offered to show that in December, 1890, they had rented to the defendant Smith certain lands at a designated rental for the year 1891, but that there was no written contract. The defendant objected to the proof of the oral contract as it was void under the statute of frauds. The court overruled the objection and admitted the evidence. The defendant offered to show that he rented the lands from one, Bulah Childers, the wife of J. H. Childers, who was in possession of the lands claiming them as his own prior to their sale by him to his wife. That when the rent fell due he notified said Childers and the plaintiffs that he was ready to pay his rent by delivering it at the warehouse in Brundidge, where he did deliver it in their presence. Plaintiffs then offered in evidence the record of an ejectment suit showing that plaintiffs had recovered these lands from the said J. H. Childers, and then offered in evidence a rent note executed by said Childers to plaintiffs, for these lands, for the year 1890. The defendant objected to both the record in the ejectment suit, and the rent note, being offered in evidence. The court overruled the objections, and the defendant excepted. There was a judgment for the plaintiffs. The defendant filed several affidavits alleging newly discovered evidence upon which he based an application for a new trial, which was denied.

The several rulings of the court as above stated against the objection and exception of the defendant are here assigned as error.

M. N. CARLISLE, for appellant.

GARDNER & WILEY, for appellees.

COLEMAN, J.—Pritchett, *et al.*, appellees, began suit by attachment, to recover rent upon a rental contract, alleged to have been made with the defendant Smith. The only plea was that of the general issue.

The assignments of error are upon the rulings of the court, in regard to the admission and exclusion of evidence, and the refusal of the court to grant a new trial. The evidence tended to show that in the month of December, 1890,

plaintiffs rented the lands by parol agreement to defendant Smith for the year 1891. The defendant objected to this evidence, upon the ground that the contract was made in December, 1890, and was void under the statute of frauds. The objection was properly overruled. In order to get the benefit of the statute of frauds as a defense, it must be specially pleaded. Such a defense is not available under the plea of the general issue.—*Clark v. Taylor*, 68 Ala. 462; *Patterson v. Ware*, 10 Ala. 444.

Could not the ruling of the court be sustained upon other grounds? It devolves upon appellant to show affirmatively that the court erred. The objection is, that the evidence showed the contract was made in December, 1890. The 31st day of December would be in December. The rule in this State is, "that an agreement for the performance of a year's service means a year to commence on the next day." *Dickson v. Frisbee*, 52 Ala. 166.

There was some evidence on the part of the defendant, tending to show that the contract of renting with plaintiff was not finally concluded. The defendant also offered evidence without objection that he found one Childers in possession of the land, claiming it as his own and that he rented the land from him. In rebuttal plaintiff introduced evidence against the objection of the defendant, tending to show a title superior to Childers, and that Childers was in possession as their tenant for the year 1890.

It was competent for defendant to introduce evidence to show, if he could, that he did not rent the land from plaintiffs. The contract that he claims to have made with Childers, in the absence of plaintiffs, was not competent evidence under the issue, but its admission was not objected to. A tenant can not deny the title of his landlord, or set up an outstanding superior title in a third person, or defend when sued for the rent by proving payment to another. The only exceptions to these general rules are, that "the tenant may show, that he has been *bona fide* evicted under a paramount title, or that since the inception of the lease the title of the landlord has been extinguished, or has passed from him, either by his own act, or by operation of law.—*English v. Key*, 39 Ala. 113; *Crawford v. Jones*, 54 Ala. 459.

Under the pleadings the only question at issue, was whether the defendant had made a rental contract for the year 1891. Whether therefore defendant, made a different rental contract with Childers, for the premises, or whether the possession of Childers was that of a mere tenant of

[Russell v. Wright.]

plaintiffs holding over after the year 1890, in defiance of the title of his landlord, was irrelevant to the issue, it not being pretended that Childers had acquired the title of plaintiff subsequent to the date of the alleged contract between plaintiff and defendant. The introduction of the judgment in the ejectment suit, and the note of Childers showing that he was a tenant of plaintiffs for the year 1890, was erroneous. The instructions of the court to the jury are not set out in the bill of exceptions, and we can not say the error was without injury.

It is clear, however, that although a rental contract may be voidable under the statute of frauds, at the option of either party before its execution, yet one who enters into possession under such an agreement and holds with the consent of the owner, and this relation is recognized by both the owner and the occupant, the relation of landlord and tenant exists so long as the premises are thus occupied; and the landlord is entitled to recover in an action for use and occupation, and may enforce the landlord's lien to this extent in such an action. He can not maintain the action upon the rental contract, for that is voidable, but may sue for use and occupation for the time occupied, and the voidable contract may be looked to, to show the character of the possession of the occupant, and also for the purpose of arriving at a proper valuation of the rent. These principles are declared in and are deducible from the following authorities.—*Hays v. Goree*, 4 S. & P. 170; *Nelson v. Webb*, 54 Ala. 436, *Crawford v. Jonss*, 54 Ala. 459; *Crommelin v. Theiss*, 31 Ala. 412.

For the error pointed ou', the case must be reversed.

Reversed and remanded.