[Howard v. Jones.]

# Howard v. Jones.

### Action of Unlawful Detainer.

1. *Landlord and tenant; when relation established.*—Where a parol agreement of lease of land for a term of one year, to commence in the future, is followed by use and occupation, there is established the relation of landlord and tenant; and a person so entering into possession is liable for the use and occupation of such premises.

2. *Unlawful detainer; tenant can not assert an outstanding title adverse to that of his landlord.*—So long as a tenant continues in possession of leased premises, he can not dispute his landlord's title or set up an outstanding title adverse to that of his landlord; and in an action of unlawful detainer, brought by the landlord againt his tenant, a plea which avers that during the tenancy the defendant, as assignee of a mortgage made by the plaintiff and conveying the rented premises to third parties, foreclosed said mortgage under the power of sale contained therein and became the purchaser of the rented premises at such sale, thereby extinguishing the title of the plaintiff to the property involved in the suit, without averring in any way a surrender of the possession of the premises, as held under the lease, presents no defense and is demurrable.

APPEAL from the Circuit Court of Montgomery.

Tried before the HON. J. C. RICHARDSON.

This was an action of unlawful detainer, instituted by the appellant, T. J. Howard, against the appellee, S. J. Jones; to recover the possession of a certain lot of land specifically described in the complaint.. This appeal presents for review only the rulings of the trial court upon the pleadings.

To the complaint the defendant pleaded the general issue and the following special plea: "2d. And for further plea, defendant says, specially, on the 1st day of August, 1896, he entered into a parol agreement with plaintiff for the rent of the realty sued for in this action, for a term of twelve months to commence on the 15th day of August, 1896, and to continue until the 15th day of August, 1897, at and for a price of $6.00 per month; that said contract was verbal; that at the time of renting defendant held and owned, by proper transfer

[Howard v. Jones.]

and assignment, a note and mortgage on said realty, that is to say, a mortgage executed thereon by plaintiff, on, to-wit, the 16th day of April, 1892, to secure an indebtedness, evidenced by plaintiff's note for $246.23, given to Sellers & Williamson, which note and mortgage were past due and unpaid; that defendant entered into the possession of said realty on the 15th day of August, 1896, under said verbal contract of renting, but paid no rent; that on the 9th day of February, 1897, said realty was sold, under the power of sale contained in said mortgage, in due and legal form, and defendant became the purchaser thereof, through one Fuller, and held the deed thereto from said Fuller; that on the 21st day of May, 1897, defendant wrote a letter to plaintiff notifying the plaintiff that the realty had been sold under said mortgage and in payment of said indebtedness, and that he had become the purchaser at said sale; that said letter in legal contemplation was a legal notification that defendant no longer held the property under said verbal contract of renting and that said renting had terminated, and that said letter was also tantamount to a demand for the possession of said realty under the statute in such cases made and provided; that the sale of said realty under said mortgage was an extinguishment of plaintiff's title; and defendant sets up these facts in bar of plaintiff's right to maintain this action against him. And defendant is ready to verify." To this plea No. 2, the plaintiff demurred upon several grounds which were in substance as follows: 1. Because said plea neither traverses the allegations of said complaint, nor sets up any matter in avoidance thereof. 2. Because said plea undertakes to inquire into the estate or merits of the title to the property, for the possession of which this suit is brought. 3. Because the defendant can not, while withholding possession from the plaintiff, set up in defense of this action, a superior title in himself. 4. Because the defendant can not, without first delivering possession of the property sued for, show, in defense of this action, that the title of his landlord, the plaintiff, has terminated or been extinguished. 5. Because defendant can not show, in defense of this action, that during the rental term he acquired ownership and title and the right of possession to the property sued for. 6. Because said

[Howard v. Jones.]

plea does not deny that the defendant entered into the possession of the property sued for, by the permission of the plaintiff, occupied it for the term for which he entered, and thereafter and before the bringing of this suit, refused, on the written demand of the plaintiff, to surrender to him the premises sued for. 7. Because the said plea shows no demand by the defendant of the plaintiff to deliver possession of the property sued for to him, the said defendant, as the purchaser at said mortgage sale. 8. Because said plea does not sufficiently show a demand by the defendant as purchaser at said mortgage foreclosure, upon the plaintiff for the possession of the land sued for. 9. Because said plea shows that when said letter was written, said defendant was in possession of the property sued for, as the tenant of plaintiff.

The court overruled this demurrer, and to this ruling the plaintiff duly excepted. Thereupon the plaintiff filed a replication to plea numbered two, and to this replication the court sustained the defendant's demurrrer. To this ruling of the court the plaintiff duly excepted. Under the opinion on the present appeal, it is unnecessary to set out at length the replication and the demurrers thereto. Upon issue joined on the pleadings, there were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

LOMAX, CRUM & WEIL, for appellant.—The proposition presented by the pleadings in this case is whether a tenant under a parol contract for the rental of land, to continue for one year from a future day, and being at the time of entering into such contract of rental, the owner of a note and mortgage, for a stipulated amount, upon the rented premises, given by the landlord prior to such time, can, before the expiration of the rental period, and the surrender by him of the premises to the landlord, foreclose the mortgage under the power of sale contained therein, become the purchaser of the premises, and set up such title in defense of an action in unlawful detainer, instituted after the termination of the lease. This was not done.

[Howard v. Jones.]

This plea certainly sets up no defense to the action, it being a well recognized and established principle, that the merits of the title cannot be enquired into, nor the title of the landlord denied by the tenant; and the motion to strike, as well as the demurrer, should have been sustained.—Code, § 2135; *Houston v. Farris,* 71 Ala. 570; *Nicrosi v. Phillipi,* 91 Ala 299; *Pugh v. Davis,* 103 Ala. 316; *Anderson v. Anderson,* 104 Ala. 428; *Davis v. Pou,* 108 Ala. 443.

Certainly the plaintiff could have maintained an action for use and occupation, even though the contract was void.—*Smith v. Pritchett,* 98 Ala. 649; *Baine v. McDonald,* 111 Ala. 269; *Nelson v. Webb,* 54 Ala. 436; *Crawford v. Jones,* 54 Ala. 459.

A. A. WILEY, *contra.*—The parol agreement to rent the premises was clearly void under the statute of frauds, because it was not to be performed within one year from the time of making thereof. The lease being void by the statute of frauds, the defendant had the right to treat it as void.—*Crommelin v. Theiss & Co,* 31 Ala. 412. While the rule is general that the tenant will not be heard to set up an outstanding title adverse to that of his landlord, without first surrendering the possession of the premises, still there is a well recognized exception to this general principle, viz.: that the tenant may always show that the title of the landlord has *expired,* or been *extinguished,* since the period of his tenancy commenced; as where the tenant has, during the term, purchased the landlord's title under an execution, mortgage or other like alienation.—*Randolph v. Carlton,* 8 Ala. 606; *Jackson v. Rowland,* 6 Wend. 666; *Ryder v. Mansell,* 66 Me. 167; *Casey v. Gregory,* 13 Mon. (Ky) 508.

HARALSON, J.—1. The facts set up in defendant's second plea created between the plaintiff and the defendant, as to the rented premises, the relation of landlord and tenant. The contract as averred was in parol, but it is further averred in the plea that defendant went into the possession of the rented premises under said parol contract of renting promising to pay $6 per month as rent therefor. Admitting that the contract of renting

may have been void under the statute of frauds as a parol agreement of lease for the term of one year to commence in the future, yet such a contract followed by use and occupation created the relation of landlord and tenant. The plaintiff under the facts averred might maintain an action against defendant for use and occupation.—*Nelson v. Webb,* 54 Ala. 436; *Crawford v. Jones,* 54 Ala. 459; *Martin v. Blanchett,* 77 Ala. 288.

2. It is so well settled in this State as no longer to be open for discussion, that in an action of unlawful detainer the merits of the title cannot be inquired into, and that the tenant continuing in and withholding possession from the landlord, cannot dispute his possessory title, no matter who has a better one.—*Pugh v. Davis,* 103 Ala. 316. In the subsequent case between the same parties, where a bill was filed by the defendant to enjoin the writ of possession, it was said: "The decisions under this Chapter [referring to the chapter of the Code pertaining to unlawful detainer suits] go to the full extent of holding, that when a plaintiff in an unlawful detainer suit shows prior possession, a letting, and possession of the tenant under the letting, and that the term of the lease has ended and lawful demand and refusal, the case is conclusively made out, and there is no defense." *Davis v. Pou,* 108 Ala. 443, 445.

The defense set up in this plea, that during the tenancy, the defendant foreclosed a mortgage made by plaintiff on the rented premises to third parties which was transferred by them to defendant, and became himself the purchaser, and that thereby the title of the plaintiff to the lands became extinguished, and that he has no right, thereafter, to maintain this action, contravenes the principles laid down in the foregoing cases and is of no avail in a suit of this character. As was well stated in *Houston v. Farris,* 71 Ala. 572, "The rule, therefore is, that before the tenant can be heard to set up or assert an outstanding title adverse to that of his landlord, he must ordinarily first surrender the possession of the premises and regain it afterwards, if he so desires, by action. 'The landlord can only be required to litigate title with his tenant upon the vantage ground of possession.' "—*Barlow v. Dahm,* 97 Ala. 414. More-

[Foshee v. McCreary.]

over, the Code provides, that "The estate or merits of the title cannot be inquired into on the trial of any complaint under this chapter."—Code, § 2135.

The demurrer to the plea should have been sustained, and not overruled. It is unnecessary to consider the replication to the plea, rendered necessary, as supposed, in consequence of the ruling of the court sustaining said second plea.

Reversed and remanded.