JOSEPH MURPHY, Appellee, v. C. DE HAAN, Appellant.

**Statute of Frauds:** CONTRACT TO LABOR: *Part performance.* In an action for labor under a parol contract within the statute of frauds, defendant cannot plead in defense the invalidity of the contract; for, to the extent of the performance, it is valid.

*Contract governs as to price.* In an action for labor under a parol contract within the statute of frauds the contract governs as to the rate of compensation.

ADMISSION OF INDEBTEDNESS. Where defendant in an action for labor denied the contract sued on, and alleged payment, his declaration, after plaintiff had left his employ, that he would pay plaintiff a certain sum, was admissible, as tending to show that defendant was indebted to plaintiff for labor.

PLEA AND PROOF OF DEFENSE. Where defendant in an action for labor denied the contract sued on, and alleged payment, he could not show that plaintiff was discharged for drunkenness.

**Preponderance of Testimony:** *Contradiction of testimony standing alone.* Though plaintiff's testimony stands alone and is wholly contradicted by defendant, a contention that plaintiff has not made out a case by a preponderance of the evidence is without merit.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, FEBRUARY 12, 1902.

ACTION for the agreed price of work and labor performed at defendant's instance and request. Defendant denies

the alleged contract, admits certain payments referred to by plaintiff, and says that plaintiff has been paid in full for all labor performed. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Phillips, Ryan & Ryan* for appellant.

*I. Ross Thompson* and *Read & Read* for appellee.

DEEMER, J.—Plaintiff claims in his petition that on August 20, 1898, defendant, by oral contract, employed him (plaintiff) as a general salesman, for the term of one year, at the agreed compensation of $60 per month; that he immediately entered into defendant's service and continued therein for the term of 10 months and 11 days; that defendant has paid him the sum of $391; and that there yet remains due the sum of $233. Defendant's answer, as we have seen, was a general denial, and a plea of payment.

It is contended that, while the petition states a valid cause of action, plaintiff proved a contract within the statute of frauds, in that, according to his evidence, he was not to commence work on the day the contract was entered into, but at some future time, and that the contract was made three or four days before he actually began the service. Defendant moved to strike out this evidence, because within the statute, but the motion was overruled. He also challenges the instructions of the court, for the reason that they ignore the statute of frauds. Remembering that this is an action for work and labor performed at an agreed price per month, it is difficult to see how the statute of frauds affects the case. Contracts within the statute are not void, and, if performed or partly performed, they are, to the extent of such performance, taken out of the statute. When executed, or so far as executed, such contracts are valid, and as binding as if they

had been in writing. This statute was not enacted for the purpose of aiding one in the perpetration of a fraud, but to secure him from the consequence thereof. It was intended as a shield, and not as a sword. According to the evidence, defendant had the benefit of plaintiff's services, and he cannot be heard to say that they were performed under a contract which would have been invalid had it remained executory in character. *Lowman v. Sheets,* 124 Ind. Sup. 416, (24 N. E. Rep. 351, 7 L. R. A. 784); *Swanzey v. Moore,* 22 Ill. 63, (74 Am. Dec. 134); *Abbott v. Inskip,* 29 Ohio St. 59; *Simmons v. Headlee,* 94 Mo. 482, (7 S. W. Rep. 20). If the action were to recover damages for breach of the contract, a different rule would apply. Decisions announcing doctrines contrary to the one we have adopted may, no doubt, be found, but we are not disposed to follow them. Vide *Jacobs v. Railroad Co.,* 8 Cush. 223. Under any theory, the evidence was admissible for the purpose of showing that the services were not gratuitous. Almost without exception, the cases on which defendant relies were actions for breach of contract in wrongfully discharging the employee, or in denying him work under the contract. They have no application here.

II. Plaintiff was permitted to show by a Miss Kelsey that defendant stated to her that he would pay plaintiff at the end of the year $150 or $200. This was objected to by defendant because it did not tend to prove a contract. There is no merit in this objection. That plaintiff did perform labor for the defendant during at least a portion of the time in question is admitted. Defendant claims, however, that plaintiff was to receive but $9 per week for his services unless he (plaintiff) improved the business, and that if he did so he would give him more, and that he has been fully paid for his services. The conversation which Miss Kelsey testified to was after plaintiff had left

·defendant's employ, and was admissible as tending to show that he (defendant) was then owing plaintiff for the work he had performed.

Defendant offered to show that plaintiff was discharged for drunkenness. Under the issues, this was a wholly irrelevant matter . No counterclaim was pleaded, and no set-off asked.

The instructions ignored the statute of frauds, and of this complaint is made. We have, as we think, sufficiently answered this proposition.

Complaint is also. made of the instructions because it is said they permit plaintiff to recover for time when he did not work. This, also, is a mistake. In the instructions with reference to the measure of recovery, nothing was assumed with reference to the time plaintiff worked. That question was properly left to the jury.

Further, it is argued that the plaintiff did not establish his case by a preponderance of the evidence. The exact point made is that as plaintiff stands alone, and is contradicted on every material point by the defendant, he has not made out his case. A mere· statement of the proposition shows that it is without merit.

While there are decisions which seem to hold that a ·contract within the statute of frauds cannot be referred to for any purpose, we think that when it is for labor to be performed, and plaintiff has partially or wholly executed the same on his part, the terms of the contract govern as to the rate of compensation. This is the logical and sensible rule, and the one sustained by the great weight of authority. *Philbrook v. Belknap,* 6 Vt. 383; *Sims v. McEwen's Adm'r,* 27 Ala. 184; *Fuller v. Rice,* 52 Mich. 435, (18 N. W. Rep. 204); *McGlucky v. Bitter,* 1 E. D. Smith, 618; *Tinkler v. Swaynie,* 71 Ind. 562; *La Du-King Mfg. Co. v. La Du,* 36 Minn. 473, (31 N. W. Rep. 938).

There is no error in the record, and the judgment is AFFIRMED.