(92 South. 236)

**FARROW v. BURNS.   (7 Div. 741.)**

(Court of Appeals of Alabama.   Nov. 15, 1921. Rehearing Denied Jan. 10, 1922.)

1. **Work and labor ⬗22—In action for services plea alleging entire contract and lack of entire performance held demurrable.**

In action in assumpsit for services, plea alleging merely that the contract was entire and was not performed in its entirety *held* demurrable.

2. **Work and labor ⬗14(2)—Plaintiff could recover for services performed under an entire contract without full performance if defendant breached it.**

Plaintiff could recover for services performed under an entire contract notwithstanding nonperformance of the contract in its entirety if defendant terminated the contract by breach thereof.

3. **Frauds, statute of ⬗129(1)—Partial performance does not take void contract from under statute so as to permit recovery for part remaining executory.**

The partial performance of a contract void under the statute does not take it from under the influence of the statute so as to permit a recovery under the contract for any part of the contract remaining executory.

4. **Frauds, statute of ⬗138(4)—One may recover for services performed under a contract which is void under the statute.**

Where there is an oral contract for services not to be performed within a year, and therefore void under the statute of frauds, either party may terminate the relations at will, and while an action cannot be maintained for a breach of the contract which is void, a recovery at law may be had for services rendered under it.

5. **Trial ⬗143—Refusal of general charge not error where evidence was conflicting.**

The court did not err in refusing to give the general charge where the evidence was in conflict.

6. **Frauds, statute of ⬗138(4)—In action for services rendered under void contract, the contract may be used as evidence of the value of the services.**

In an action on a quantum meruit for services rendered under a contract void under the statute, the employé may use the contract as evidence of the value of his services.

Appeal from Circuit Court, Cherokee County; W. W. Harralson, Judge.

Action in assumpsit by Thomas S. Burns against John T. Farrow. Judgment for the plaintiff, and defendant appeals. Affirmed.

The pleadings and the facts sufficiently appear from the opinion.

Charge 3, refused to the defendant, is as follows:

"The court charges the jury that to enable plaintiff to recover in this action, he must convince you reasonably that the reasonable value of his services to the defendant exceeded the amount paid by the defendant for services, and unless you are so reasonably satisfied you should find the issues in favor of the defendant."

Hugh Reed, of Center, for appellant.

The court erred in overruling defendant's demurrers to plaintiff's replication to defendant's pleas 3 and 4. Section 4289, Code 1907; 56 Ala. 345; 71 Ala. 452; 36 Ala. 351. The contract was within the statute of

---

frauds and void. 139 Ala. 417, 36 South. 21; 203 Ala. 306, 82 South. 662. The contract cannot be looked to as fixing the liabilities of the parties. 3 App. Div. 221, 38 N. Y. Supp. 463; 32 N. J. Eq. 828; 61 Wis. 508, 21 N. W. 514; 68 Ill. 421.

Hugh White, of Montgomery, for appellee.

Plaintiff was entitled to recover for such part of the contract as had been performed. 165 Ala. 225, 51 South. 735; 149 Ala. 226, 42 South. 838; 101 Ala. 32, 13 South. 343; 25 Ala. 465; 5 C. J. 1388; 20 Cyc. 299; 27 Ala. 184; 64 Ala. 197; 2 Stew. 21, 19 Am. Dec. 33. In any event the overruling on the demurrers were without injury. 166 Ala. 460, 52 South. 75; 102 Ala. 378, 14 South. 653. Under the authority cited above, there was no error in the oral charge of the court, nor in charges refused to the defendant.

SAMFORD, J. The complaint was in four counts, claiming on the common counts, for account, account stated, services rendered, and money had and received; the claim being for services rendered as deputy sheriff to the defendant as sheriff of Cherokee county. The defendant, besides the pleas of nonassumpsit and payment, filed pleas 3, 4, and 5. Plea 3 was a plea to the effect that the claim was for services rendered on an entire contract, which the plaintiff, without fault on the part of defendant, had failed to perform. Pleas 4 and 5 were in effect pleas setting up the statutes of fraud, in that the contract upon which plaintiff's claim is based was not in writing and not to be performed within a year. Demurrers to these pleas being overruled, plaintiff's replications to plea 3 setting up first a general denial and second alleging a breach of the contract by defendant as a cause for its termination, demurrer to this replication was overruled. Plaintiff also replied to plea 4, to the effect that under the contract he performed certain services for defendant, which defendant accepted to his benefit, etc.

[1, 2] It is unnecessary we think to enter into any extended discussion of the question raised by plea 3 as to whether the contract between the parties was entire and nothing to be due under it to the plaintiff except upon complete performance. Plea 3 is not a plea setting up the statute of frauds, and if it is intended to be a plea alleging an entire contract and its nonperformance, it falls short in its averments, and the plaintiff's demurrer should have been sustained. 6 R. C. L. 972, § 345. But even if taken as a good plea, plaintiff's replication to the plea was a good answer and presented an issue upon which testimony was offered and to which the general verdict will be referred.

Aside from plea 3 and the issue raised under it the issues made by the pleadings are: A claim for services rendered; a plea that the services rendered were rendered under a contract, void under the statute of frauds; a reply admitting the invalidity of the contract, but alleging part performance of the service and its acceptance by defendant.

Plea 5 seems to have been completely ignored in the trial and the judgment entry recites the issues entirely eliminating this plea. But this is of no consequence, as the issues as framed embrace every defense set out in plea 5.

[3, 4] Whatever may be the law in other states, in this jurisdiction the partial performance of a contract, void under the statute of frauds, does not take it from under the influence of the statute (Conoly v. Harrell,' 182 Ala. 243, 62 South. 511; Scoggin v. Blackwell, 36 Ala. 351), so as to permit a recovery under the contract for any part of the contract remaining executory. But where there is an oral contract for services, not to be performed within a year, and therefore void under the statutes of frauds, either party may terminate the relations at will. And while an action cannot be maintained for a breach of the contract which is void, under the statute, a' recovery at law may be had for services rendered under it. Sims v. McEwen's Adm'r, 27 Ala. 184, 25 R. C. L. 719, § 365. The foregoing is in line with the principle announced in Hays v. Goree, 4 Stew. & P. 170; Nelson v. Webb, 54 Ala. 436; Crawford v. Jones, 54 Ala. 459; Crommelin v. Thiess & Co., 31 Ala. 412, 70 Am. Dec. 499; Smith v. Pritchett, 98 Ala. 649, 13 South. 569. Under the foregoing authorities the court did not err in overruling defendant's demurrers to plaintiff's replications, and that part of the court's oral charge to which exception was reserved is without error. The replication of plaintiff did not seek a recovery on the void contract, but sought to avoid defendant's plea to plaintiff's demand for services already rendered and accepted by defendant, and was therefore in the nature of an estoppel. The statute of frauds is designed to protect the innocent, and not aid in defrauding him who in good faith has rendered service or paid money for another, which that other has received and benefited by.

[5] The evidence was in conflict on the issues presented, and therefore the court did not err in refusing to give at the request of defendant the general charge.

The court refused to give at the request of the defendant in writing the following charge:

"The court charges the jury that you would not be authorized to consider any terms of the agreement of these parties in reaching your conclusion as to the reasonable value of the services of the plaintiff."

[6] There is respectable authority which holds to the view that in an action on quantum meruit, growing out of a claim for services rendered under a contract void un-

der the statute of frauds, the employee is allowed to use the contract as evidence of the value of his services. And, this seeming to us to be "fair play," we so hold. 25 R. C. L. 723, § 370; Murphy v. De Haan, 116 Iowa, 61, 89 N. W. 100; 20 Cyc. 300.

Charge 3, requested in writing by the defendant, was properly refused, for the reason that it misplaced the burden of proof. The burden was on the plaintiff in the first instance, but, having been met, the burden of proving payment was on defendant. The charge was bad.

Any testimony showing or tending to show what work plaintiff did or had done was admissible, whether the arrangement to have the work done or the work was done in the presence of the defendant or not.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

The excerpt from the court's oral charge, set out in appellant's third assignment of error, does not appear from the record to have been excepted to, and therefore perhaps should not have been adverted to in the opinion, but when taken and considered as delivered by the court, as appears from a reading of the charge itself, asserts a correct proposition of law, and is in line with the court's other rulings.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes